## Maud H. VanSchaack

*v.*

## Anna E. Leonard *et al.*

*Filed at Ottawa January 19, 1897.*

1. Wills—*party taking under a will ratifies it as a whole.* Where a testator has by will disposed of property owned by a beneficiary under the will, such beneficiary must elect either to relinquish his right to such property or to his bequest, and must accept the will as a whole, or not at all.

2. Same—*testator's intention to deprive beneficiary of property is not material.* To put a beneficiary, whose property has been disposed of to others by the testator's will, to his election, it is immaterial whether the testator knew of the beneficiary's rights and intended to deprive him of them, or whether he supposed that he had power to make the disposition.

3. Same—*testator's intention to dispose of property only partially his must be clear.* Where a testator has by will disposed of property in which he has only a partial interest, it will be understood that he intended to dispose of that interest only, unless his intention to dispose of the entire property clearly appears.

4. ESTOPPEL—*one taking under a will is estopped from setting up adverse rights.* A party who accepts a beneficial interest under a will is estopped from setting up any right or claim of his own which will defeat the will or any part thereof.

5. SAME—*parties not estopped by judgment of probate court rendered after equity had acquired jurisdiction.* A judgment of a probate court discharging executors, approving their report and declaring an estate settled, does not estop the parties from litigating matters connected with the settlement which had been submitted to a court of equity before the judgment was rendered.

*VanSchaack v. Leonard,* 63 Ill. App. 389, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant:

The intention of the author of the will to dispose of property which is not his must clearly appear. *Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Woolley* v. *Schrader,* 116 id. 27.

The intention, as manifested by the will itself, to raise a question of election must be clear and decisive. 1 Jarman on Wills, (6th ed.) 426; *Honywood* v. *Forster,* 30 Beav. 14; *Drummer* v. *Pitcher,* 2 M. & K. 262; *In re Gilmore,* 81 Cal. 240; *Church* v. *Bull,* 2 Denio, 430; *Cavan* v. *Pultenay,* 2 Ves. Jr. 544; 3 id. 384; *Pole* v. *Somers,* 6 id. 309; *Havens* v. *Sackett,* 15 N. Y. 365; *Lefevre* v. *Lefevre,* 59 id. 434; *Fuller* v. *Yates,* 8 Paige, 325; *Jones* v. *Jones,* 8 Gill, 197; *Crabb* v. *Crabb,* 1 M. & K. 511; *Parker* v. *Carter,* 4 Hare, 411; *Smith* v. *Lyne,* 2 Y. & C. 345; *Blommart* v. *Player,* 2 S. & S. 597; *Seaman* v. *Woods,* 24 Beav. 381; *Attorney General* v. *Fletcher,* 5 L. J. Ch. 75; *Timewell* v. *Perkins,* 2 Atk. 102.

Where the testator has only a partial interest, his intention must clearly appear to devise the entire interest in order to raise a question of election. 1 Jarman on Wills, (6th ed.) 428; *Madison* v. *Chapman,* 1 J. & H. 470.

The testator is presumed to know the law and to intend compliance. Schouler on Wills, sec. 489; *Thompson* v. *Mewlin,* 8 Ired. Eq. 32; *Taylor* v. *Mitchell,* 57 Pa. St. 209.

The decrees and orders of a probate court, given in the exercise of a jurisdiction conferred upon it by law, are conclusive. Freeman on Executions, sec. 319*a*.

Final settlements of administrators and executors, when adjudicated, have the force and effect of judgments as between the parties to said settlements. *Butterfield* v. *Smith*, 101 U. S. 570; *Griffith* v. *Godey*, 113 id. 89.

WILLIAM H. BARNUM, for appellees:

A beneficiary under a will must accept the instrument in its entirety, or not at all. *Brown* v. *Pitney*, 39 Ill. 472.

No man shall claim any benefit under a will without conforming as far as he is able, and giving effect to everything contained in it, whereby any disposition is made showing an intention that such a thing shall take place, without reference to the circumstance whether the testator had any knowledge of the extent of his power or not. *Whistler* v. *Webster*, 2 Ves. Jr. 379.

It is immaterial whether the testator had any knowledge of the extent of his power or not. *Brown* v. *Pitney*, 39 Ill. 472.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

William H. Byford, of Chicago, died May 21, 1890, leaving Lina W. Byford his widow, and the parties to this suit, Maud H. VanSchaack, (then Maud H. Byford,) Anna E. Leonard, Mary J. Schuyler and Henry T. Byford, his children and heirs-at-law. By his will he made certain devises and bequests to his widow, his son, Henry T. Byford, and a granddaughter, after which he provided, by the fifth clause of the will, as follows: "I give and bequeath to my children Dr. Henry T. Byford, Mary Jane Schuyler and Anna Byford Leonard, in equal shares, the proceeds derived from all insurance policies upon my life, except from the policies wherein my daughter Maud H. Byford is the beneficiary." By the sixth clause all the

residue of his estate was given to his children, Henry T. Byford, Mary Jane Schuyler, Anna Leonard and Maud H. Byford, to be divided equally among them. This will was made December 20, 1886. Afterward, on December 31, 1888, a codicil was added re-affirming the provisions of the will, but devising to his wife, Lina W. Byford, a house and lot in Chicago, and to his daughter Maud H. Byford another house and lot in said city. The will, with the codicil, was admitted to probate, and Henry T. Byford and the widow, Lina W. Byford, named therein as executor and executrix, qualified as such.

William H. Byford had procured six policies of insurance. Two of these policies, for $5000 and $10,000, respectively, were payable, upon his death, to his first wife, Mary Ann Byford, if living, and if not living, then to their children. Two other policies, one for $10,000 and the other for $4000, were payable, at his death, to his daughter Maud H. Byford. His first wife died, and after his re-marriage the two remaining policies were taken out,— one for $5000, payable to Lina W. Byford, the second wife, and the other for $1500, payable to his executors. None of these policies were inventoried by the executors except the last one, which was payable to them. Appellant and appellees joined in making proofs of death under the first two policies, which, by their terms, were payable to them as children of William H. Byford and his first wife, Mary Ann Byford. The money was collected and distributed among the appellees, who claimed it under the fifth clause of the will above quoted. Appellant, who was left out of the distribution, began this suit by filing her bill, setting out the will and the claim of appellees that they were entitled to the insurance money on said policies by virtue of it, and praying for an accounting of the money so received, and for a decree compelling appellees to pay over one-fourth thereof to her. Appellees answered, claiming the money, and filed a cross-bill praying for a construction of the fifth clause in accordance

with their claim, and for a decree accordingly. The cross-bill was answered, and, replications having been filed, there was a hearing. .The court found in favor of appellees, but, finding that they could have the same relief under their answer as by the cross-bill and that a decree upon the cross-bill was needless, dismissed it, and dismissed the original bill for want of equity. The Appellate Court affirmed the decree.

It is agreed by counsel that William H. Byford had no interest in the two policies in question in this suit or the proceeds thereof, and that he had no power to dispose of the same by his will. The proceeds belonged to the children named in the policies. Appellant, however, took a substantial beneficial interest under the will and codicil, and her rights depend upon the question whether she has thereby confirmed and ratified the provisions of the fifth clause, by which her interests in the policies were disposed of by giving the same to appellees. It is a well settled rule of equity that a person cannot take under a will and at the same time set up any right which shall defeat any part of it. If a testator has disposed of property owned by a beneficiary under the will, such beneficiary must either relinquish his right to such property or to that which is given him by the will, and must accept the will as a whole, or not at all. *Wilbanks* v. *Wilbanks*, 18 Ill. 17; *Brown* v. *Pitney*, 39 id. 468; *Woolley* v. *Schrader*, 116 id. 29; *Ditch* v. *Sennott*, 117 id. 362; *Gorham* v. *Dodge*, 122 id; 528.

William H. Byford had a right to dispose of the proceeds of one policy for $1500 payable to his executors, and, under the rule that where a testator has a partial interest in property it will be understood that he intended to dispose of that interest only unless an intention to dispose of property not his own clearly appears, it is argued that the court ought to find an intention to only dispose of the proceeds of that policy by the fifth clause of the will. In such a case the intention to devise the entire property must be clear in order to raise a question

of election.   But we do not think that the clause under consideration will bear the construction contended for. The expression used was, "the proceeds derived from all insurance policies upon my life, except from the policies wherein my daughter Maud H. Byford is the beneficiary." This language properly designated all the policies.   If the testator had used any term implying title or right to the proceeds there might be some ground for limiting the bequest to the one which he had a right to dispose of and excluding those in which he had no interest.   But he did not use such a term.   He had a right to dispose of the proceeds of but one of the six policies, and if he had intended that one only, he would certainly have used a different designation.   The exception of the two policies in which appellant was beneficiary could only apply as being a separation out of a number of policies.   We see no possible ground for saying that the testator did not intend to dispose of the proceeds of all the policies upon his life except the two payable to appellant.

Another contention is, that appellant has not lost her right to the proceeds of the policies by taking what was given her by the will, because it was not proved that her father had these policies in mind when he made the will and intentionally assumed to dispose of the proceeds knowing that he had no right to do so.   But that is not the law, and it was not necessary, in order to raise an election, that the testator knew his daughter's rights and intended to deprive her of them.   The doctrine of election rests upon the ground that one who asserts a claim to property under a will must acknowledge the equitable rights of all other parties under the same will. It is immaterial in the application of the doctrine whether the testator is aware of his want of power or supposes that the property which he undertakes to give away is his own.   1 Jarman on Wills, 445; *Whistler* v. *Webster*, 2 Ves. 367; *Thelusson* v. *Woodford*, 13 id. 209; *Cooper* v. *Cooper*, L. R. 6 Ch. 15; 1 Pomeroy's Eq. Jur. sec. 464.

Finally, it is contended that appellees were estopped by the judgment of the probate court approving the account of the executors and declaring the estate settled and discharging the executors, from claiming that the proceeds of these policies passed under the will. This contention cannot prevail for two reasons. In the first place, the supposed estoppel was nowhere set up in the pleadings. The bill was filed August 25, 1892,—before the settlement and judgment in the probate court, which was on February 13, 1893. The bill alleged that the policies had not then been inventoried; but, of course, that could work no estoppel. In the second place, the court of chancery had acquired jurisdiction of the subject matter and the parties prior to the judgment of the probate court. The bill and cross-bill brought the rights of the parties under the will and the policies into a court which had concurrent jurisdiction with the probate court on that subject. The parties submitted to the jurisdiction in equity, and no judgment of the probate court after such jurisdiction was acquired could estop either party in this suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*