## HENRIETTA J. CARR

*v.*

## GEORGIA E. CARR *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. WITNESSES—*when witness is not disqualified by section 2 of Evidence act.* Upon petition filed by children by a former wife, as heirs, asking to have the homestead estate vested in them upon the ground that the widow had abandoned the same though continuing to receive rents and profits thereof, the widow may testify, as against such heirs, that she had not abandoned it permanently.

2. HOMESTEAD—*acceptance by widow of devise covering homestead excludes statutory estate.* By accepting a devise covering the homestead the widow takes the premises under and by virtue of the will, and does not take an estate of homestead under the statute.

3. WILLS—*will construed as devising homestead to widow for life.* A will devising ⸱to the widow for life "the excess in value over and above $1000," with the express intention of giving her "said homestead and all in excess in value of the one thousand dollars ($1000) in said premises, meaning to devise the entirety of said premises," passes to the widow a life estate in the entire premises, which, upon acceptance by her, cannot be lost by abandonment.

APPEAL from the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

HENRY T. RAINEY, and THOMAS F. FERNS, for appellant.

HAMILTON & HAMILTON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Joseph S. Carr died testate February 26, 1896, possessed of an estate of homestead in lots 4 and 5 in block 3, of Adams' addition to the city of Jerseyville. He had been twice married, and his second wife, the appellant, Henrietta J. Carr, survived him as his widow. He left as his heirs-at-law his eleven children, nine of whom were born during the first marriage and two during the

second. Four of these children are minors, two of them, the appellee Georgia E. Carr, and Festus E. Carr, are children of the first marriage, and Mae E. Carr and Fern Carr of the second. Bettie E. Wallace, one of the older heirs, is guardian of Georgia E. Carr and Festus E. Carr, and as such guardian filed a petition on behalf of Georgia E. Carr, one of her wards, in the circuit court of Jersey county, asking to have the homestead assigned to and vested in said Georgia E. Carr, for the reason that appellant had removed therefrom with her infant children and thereby abandoned the same. Appellant answered denying that she had abandoned the homestead, and also claimed said premises by virtue of the last will and testament of said Joseph S. Carr. The cause was referred to a master in chancery to take the evidence, and the following facts were proved:

After the death of Joseph S. Carr, the defendant, his widow, continued to occupy the homestead with her children and her step-daughter, the petitioner Georgia E. Carr, but there was some discord between the petitioner and her step-mother, in consequence of which the petitioner left and resided elsewhere. In the latter part of May, 1896, the defendant purchased another residence with money which she received for insurance of the life of said Joseph S. Carr. She supported herself by dressmaking, and the place purchased was nearer the centre of town and more convenient for her and her customers. She removed to the new residence with her children and rented the homestead, and remained away from it until the petition in this case was filed, September 15, 1896. A bill had been filed by the nine heirs of Joseph S. Carr, who were step-children of defendant, the minors suing by their said guardian, Bettie E. Wallace, against defendant and her children, asking to have a trust declared in the new property purchased by defendant. By this bill they claimed that they were entitled to nine-twelfths of the insurance money, and that the title to the premises

purchased therewith should, to that extent, be vested in them. The minor heirs were seeking to take away the homestead because the defendant had acquired a new one, and the heirs were also asking to have nine-twelfths of the new property vested in them, whereupon defendant returned to the old homestead. There was evidence on behalf of petitioner that defendant said she was buying the new place for a home and to get a better location for her business, and that she was afraid to live out at the old homestead because it was lonesome. On the other hand, she testified that she left the homestead partly on account of family differences, in the hope that they would settle down, and in consequence of which she was afraid to live out there, and partly in order to be nearer her work as a dressmaker, so that she could make more money to support her children. She testified that she intended to return to the homestead, and did not move to the new home for the purpose of living there permanently. Her declarations in harmony with her testimony, made to various persons at the time when she was negotiating the purchase and removing to the new house, were proved. The will of Joseph S. Carr was also offered in evidence.

The court, by its decree, found that the defendant had abandoned the homestead and decreed that it be vested in the petitioner, and ordered the defendant to surrender possession within forty days, and to pay over to petitioner the rents received after May 20, 1896, when she removed to the other place, and to pay costs.

It is insisted that the testimony of the defendant was incompetent because the petition was by a guardian of an heir of the deceased, Joseph S. Carr, and that defendant's declarations in connection with her removal were incompetent for the same reason, and therefore there was no competent evidence that the homestead was not abandoned. The testimony related only to facts occurring after the death of Joseph S. Carr, and if petitioner was suing for the homestead as his heir, the defendant

would still be competent to testify to such facts. (*King-man* v. *Higgins*, 100 Ill. 319.) But in the view that we take of the case the question whether defendant abandoned the homestead is not important. Joseph S. Carr disposed of all his property by his will, which contained fourteen clauses and various bequests and devises to his children. The second clause, which is material to this controversy, is as follows:

"*Second*—I give, devise and bequeath unto my beloved wife, Henrietta J. Carr, the excess in value over and above one thousand dollars' ($1000) valuation, lots four (4) and five (5), in block No. three (3), in Adams' addition to the city of Jerseyville, Illinois, together with the tenements and improvements thereon, for the term of her natural life, then to my heirs in fee, the same being my homestead. It is my intention to give her the said homestead and all in excess in value of the one thousand dollars ($1000) in said premises, meaning to devise the entirety of said premises."

The defendant accepted, in writing, the provisions of the will. By this provision of his will Joseph S. Carr manifested his intention to devise the entire homestead property, whatever its value might be, to his wife. The property was inventoried as of the value of $1500, but the evidence at the hearing before the master was that its value was about $800. The testator described the premises as being his homestead, and gave them to her, and, perhaps for the reason that there was a statutory limit in value to the homestead estate, he twice expressed his intention to also give her all in excess in value above said sum of $1000, and to make assurance doubly sure, added, "meaning to devise the entirety of said premises." The devise was to her for life, with remainder to his heirs in fee.

Although the statute declares that the estate of homestead shall be exempt from the laws of conveyance, descent or devise, except as therein provided, it has been

settled in this court that if a devise of property in which
there is a homestead is made to the widow, and she ac-
cepts the provisions of the will, she will take the prem-
ises under the will and by virtue of it, and will not take
an estate of homestead under the statute. (*Cowdrey* v.
*Hitchcock*, 103 Ill. 262; *Stunz* v. *Stunz*, 131 id. 210; *Warren*
v. *Warren*, 148 id. 641; *Fry* v. *Morrison*, 159 id. 244.) The
estate of homestead created by the statute, which con-
tinues exempt after the death of the householder, lasts
so long only as the widow continues to occupy such home-
stead, and it may be lost by abandonment. The estate
devised in this will is an absolute estate for life in the
whole premises, not limited by value or occupation and
not subject to be terminated by abandonment, and it was,
consequently, a different estate from that given by the
statute. The acceptance of the provisions of the will
by the defendant would prevent her from claiming the
exemption of the Homestead law, but she took under
the will an estate for life, which could not be lost by her
removal from the premises. The intention of the testator
was to confirm to her the homestead, whatever its value
might be, and to enlarge the statutory right to a life
estate. The devise was not an attempt to divert the
homestead from one entitled to occupy it, but to add to
the right given by statute. It is therefore immaterial
whether she left the homestead with the intention of re-
turning.

If it be true, as claimed on the part of petitioner, that
Joseph S. Carr could not, by his will, affect her right to
occupy the homestead until she should become twenty-
one years of age, because of the provision of the statute
that such homestead is exempt from the laws of devise,
and also that defendant could not affect her right to the
homestead by abandoning it, this decree could not be
justified. If petitioner has a right of joint occupancy
under the statute, which cannot be affected or defeated
by the will, so that the devise to defendant is subject to

such right of occupancy, the right is not to be enforced by turning the defendant out of the property and requiring her to account to petitioner for all rents and profits received from it.

The decree is reversed and the cause remanded.

*Reversed and remanded.*