MATILDA FRIEDERICH

*v.*

GEORGE F. WOMBACHER, Exr. *et al.*

*Opinion filed October 26, 1903.*

1. WILLS—*widow electing to take under will must accept all its provisions.* Acceptance by the widow of a bequest of money and personal property given in lieu of dower, widow's award and homestead rights is conclusive upon her, and she is estopped to claim homestead and widow's award in addition to such bequest.

2. SAME—*effect upon the widow's election where there is a minor child.* The binding force of a widow's acceptance of provisions of the will in lieu of dower and homestead is not affected by the fact that there is a minor child living with her.

3. SAME—*when will and ante-nuptial contract must be construed together.* If a will gives to the widow "all that has by ante-nuptial agreement been given to her, and in addition," etc., the will and the ante-nuptial agreement must be construed as one instrument.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Appellees, as the executor and legatees under the last will and testament of Michael Friederich, deceased, filed this bill against appellant, the widow of the deceased, for the purpose of having her rights under his will settled and determined.

The bill sets up an ante-nuptial contract between the testator and appellant, which, in effect, provided, among other things, that in case of his death she should have no interest in his estate, except "there should be paid to her the sum of $2500 in cash money, to be in lieu of her dower, widow's award and homestead right or interest, and any and all other rights which she would have in his estate as his widow," she expressly agreeing to "accept and receive and take said sum of $2500 in lieu of her dower, widow's award and homestead right or interest, and any and all other interests which she might have, as the widow of the said Michael, in case she should survive him, said sum of $2500 to be paid at his death." It is also averred in the bill that said contract was duly acknowledged before a justice of the peace and all right of homestead properly waived. The subsequent marriage of the parties; the birth of a son, Alfred L. J. Friederich, (who by his next friend is one of the complainants in the bill;) the death of said Michael leaving certain real estate, a part of which was at the time of his death occupied by himself and family as a homestead and since by his said widow and infant son; the making of his last will and testament and the probating of the same, are facts properly alleged in the bill. The second clause of the will, a copy of which is set forth, is as follows: "I give and bequeath unto my beloved wife, Matilda, all that has by ante-nuptial agreement been given to her, and in addition to this I give her all my personal property, all of my household furniture, all horses, cow, and all other personal property of which I am seized at my death." By other provisions the balance of testator's property is divided among his children and a grandchild. It is also alleged that after an unsuccessful attempt to contest the will the executor proceeded to sell the real estate, as authorized by the will, but was notified by the defendant that she would claim the amount of $1132 theretofore estimated as her award, and also a home-

stead in the property occupied by her husband and family at the time of his death, and by herself and son since, in addition to the personal property and the $2500 named in the ante-nuptial agreement, and thereupon an agreement was made, whereby the property was to be sold and her claims transferred to the proceeds; that the executor has tendered to her the sum of $2500, with interest from the date of the testator's death, on condition, however, that she would receive the same, as specified in said ante-nuptial contract as approved and adopted in the last will and testament of said Michael Friederich, in lieu of homestead, dower and widow's award in the estate of the said Michael Friederich, deceased, but that she refused such tender. It is further alleged that she has never renounced the will as such widow. The prayer is, that the will be construed as limiting her right to the personal property of the deceased and the sum of $2500, which latter sum is brought into court for her use and to abide the order and decree of the court.

The defendant, by her answer, admits all the material allegations of the bill, but claims, first, the $2500, with interest from the death of her husband; second, the personal property given her by the will; third, the award; fourth, the homestead, and prays a decree in her favor for each of said claims.

The court found in favor of the complainants, limiting the defendant's right to the personal estate and the sum named in the ante-nuptial agreement, with five per cent interest thereon from the date of testator's death, and denying her claim of homestead and widow's award. To reverse that decree she prosecutes this appeal.

DILL & WILDERMAN, and PETER W. LILL, for appellant.

TURNER & HOLDER, and LOUIS KLINGEL, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It may be admitted that the ante-nuptial agreement, in and of itself, under the facts in this record, would not defeat appellant's claim either to a homestead or the widow's award. (*Zachmann* v. *Zachmann*, 201 Ill. 380, and cases cited.) The case, however, is not to be decided upon that contract alone, but must turn upon the effect to be given to appellant's acceptance of the provisions of her husband's will for her benefit.

Counsel for the appellant in their brief lay down the proposition that "the ante-nuptial contract and will must be construed together, as constituting one document, the contract being incorporated into the will and becoming a part thereof," to which proposition counsel for appellees assent. The position is undoubtedly supported by the authorities, and when applied to this case makes the second clause of the testator's will read, in effect, as follows: "I give and bequeath to my beloved wife $2500 cash money, to be in lieu of her dower, widow's award and homestead rights or interest, and any and all other rights which she would have in my estate as my widow." In other words, that clause of the will is to be construed as giving her the amount named in the ante-nuptial agreement upon the conditions stated in the agreement.

Although a husband cannot, against the consent of his wife, deprive her of her statutory right to homestead and a widow's award by will or mere private contract, yet if he does by will give her money or property in lieu of those rights, and she elects to accept the same, she will be concluded by such election and acceptance. "It is a familiar principle that one claiming under a will must accept its provisions as a whole or not at all. While he is seeking to enforce such provisions as are favorable to himself he cannot be heard to question other provisions which are against his interests. In such case the party is put to his election whether he will take under

the will or not. If he accepts anything under it he must submit to whatever it takes from him. In other words, he must accept it as a whole or reject it altogether." *Woolley* v. *Schrader*, 116 Ill. 29.

In *Gorham* v. *Dodge*, 122 Ill. 528, we quoted with approval the following language of Chief Justice Shaw in *Hyde* v. *Baldwin*, 17 Pick. 303: "It is now a well settled rule in equity that if any person shall take any beneficial interest under a will he shall be held thereby to confirm and ratify every other part of the will, or, in other words, a man shall not take any beneficial interest under a will and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of every part of the will." In *Fry* v. *Morrison*, 159 Ill. 244, we announced the same rule, citing *Stunz* v. *Stunz*, 131 Ill. 210, and *Cowdrey* v. *Hitchcock*, 103 id. 262, and said (p. 252): "Appellant insists the two last cases are in conflict with the statute and opposed to the legislative enactments in force in this State. A careful examination of the reasoning on the part of appellant's counsel does not tend to cause us to qualify those cases." See, also, *VanSchaack* v. *Leonard*, 164 Ill. 602, and *Buchanan* v. *McLennan*, 192 id. 480.

In *Cowdrey* v. *Hitchcock*, 103 Ill. 262, the devise was: "I give, devise and bequeath to my wife the equal one-third of all my real and personal estate in lieu of dower rights, and of all other rights, interests and claims which she might have or claim in or to my estate, or any part thereof." The balance of the estate was devised to other persons, and we held that the provision made for the widow was in lieu of any claim to her specific award under the statute and to any estate of homestead, and that she having elected to take under the will was only entitled to the one-third given her by that instrument, and said (p. 271): "The testator had the right to devise his property to any person he saw proper and upon such

lawful terms as his judgment might dictate. It is true, the widow was under no obligation to accept the provisions of the will. She could reject the provisions of the will and take under the statute, but when she elected to take under the will she could take only upon the terms imposed by the testator." Speaking of the right of homestead in the widow, it was further said: "The premises, 888 Prairie avenue, were occupied by the deceased as a residence at the time of his death, and since that time they have been occupied by the widow, and it is claimed that in a division of the estate she ought not to be required to account for the rents of the property, as she is entitled to an estate of homestead therein although she accepts the provisions of the will. It is true that a homestead, under the statute, is exempt from the laws of conveyance, descent or devise, except as therein provided; but if the testator devised certain property to his wife in lieu of dower and homestead, and she accepted the provision of the will, she cannot claim a homestead in the property."

It could not be, and is not, seriously contended by counsel for appellant that the *Cowdrey case* is not decisive against the claims of appellant under the terms and provisions of her husband's will. The soundness of that decision seems to be questioned, however, upon the ground that it is in conflict with the express language of section 76 of chapter 3 of our statutes. (Starr & Cur. Stat. p. 313.) That section provides that "the right of a widow to her award shall in no case be affected by her renouncing or failing to renounce the benefit of the provisions made for her in the will of her husband, or otherwise." It was not the mere failure of the widow to renounce the benefits of the provisions made for her in the will of her husband which determined the right of the widow in that case, nor does the question of renunciation, or failure to renounce, enter into the merits of this case. There the widow was concluded by the fact that she had elected to

take under the will and accepted the benefits accruing to her under its provisions, and so, here, appellant seeks to accept the benefits of the will in so far as it gives her the $2500 and the personal property, and at the same time defeat the provisions against her. Under section 76 a widow cannot be deprived of her award by the will of her husband merely because she fails to renounce the benefits of the provisions made for her, but when she accepts the benefits given her in lieu of her award she can take only that which the will gives her. She has already taken the whole of the personal estate, amounting to $483.20, and also claims the $2500. If she should be allowed, in addition thereto, $1132 as a widow's award, and the homestead, the bequest to the children and grandchild of the testator would to that extent be defeated and the full effect and operation of that part of his will prevented. This, under the foregoing authorities, cannot be permitted. The fact that the testator left a minor son, living with his mother, the appellant, cannot relieve her of the effect of her election to take under the will. The son has no vested interest in the claims which she makes. His right thereto is only incidental to that of his mother, she having the absolute right to dispose of it as she sees fit. (*Weaver* v. *Weaver,* 109 Ill. 225.) As a matter of fact, it appears from this record that his interests will be much more fully subserved by the decree below than they would by allowing the claims insisted upon by his mother. But without reference to that fact, we think it clear that he has no such interest, either in the widow's award or right to a homestead, as would prevent her from electing to take under the will in lieu of those claims.

The decree of the circuit court being in conformity with the views here expressed, will be affirmed.

*Decree affirmed.*