### Elizabeth Kroell v. John J. Kroell, Administrator.

1. WIDOW'S AWARD—*what does not release.* An ante-nuptial contract by which the widow has not specifically waived her award, will not operate to defeat her right thereto in the absence of a special consideration which would indicate an intention not to claim such provision.

Contest in court of probate. Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

H. W. MASTERS & SON, for appellant.

I. R. BROWN and LYMAN LACEY, JR., for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant filed her petition in the County Court asking for the appointment of appraisers to set off her widow's award in the estate of her deceased husband, John Kroell, Sr. The County Court dismissed her petition, and upon her appeal to the Circuit Court a like order was there entered.

The petition avers the necessary facts entitling appellant to an award under the statute, and proceeding, sets out an ante-nuptial contract entered into between appellant and her deceased husband, which contract she sought to have annulled upon the ground of fraud. After answer filed, it was stipulated in the court below that the allegations of

Kroell v. Kroell.

fraud should be disregarded and the cause be heard upon the petition, and determined solely upon the questions of law involved, in the same manner as if a demurrer had been interposed thereto.

On May 11, 1886, appellant, a widow, having a child or children by a former marriage, and John Kroell, Sr., a widower, having children by a former marriage, entered into an ante-nuptial contract reciting that they contemplated marriage; that each was seized in his or her own right, of real and personal property which they desired to hold separate and apart, and in consideration thereof and of $1, each thereby released, quit-claimed and conveyed to the other all interest in the property of such other. The language of the contract, so far as it relates to the release by appellant to appellee's intestate is, "do hereby release, quit-claim and convey to said John Kroell, Sr., all interest I may acquire by virtue of such marriage in and to all his property, both real, personal and mixed, now in his possession or that he may hereafter acquire, renouncing forever all claim in law, equity or courtesy, dower, homestead, supervisorship or otherwise."

The parties to the contract were married upon the day of its execution, and lived together as husband and wife until September 9, 1903, when John Kroell, Sr., died intestate. No children were born of the marriage.

The only question presented for our determination is, does the ante-nuptial contract in question, bar appellant's right to her widow's award?

The clause in the contract by which appellee's intestate purports to release to appellant all interest in her property, employs substantially the same language as the one above quoted, and it is evident the contract was drafted by one having neither appreciation of the rights of the parties, nor ability in intelligent expression.

Although there is want of harmony in the adjudications in this State upon the question, and expressions are to be found in some of the reported cases which seem to suggest the holding of a contrary view, we think it must be re-

garded as the law in this State that an agreement between parties contemplating marriage, by which the wife, for a valuable consideration, moving to her by the terms of the agreement, or in pursuance of such agreement under the provisions of her husband's will, in lieu of her award, undertakes to release her right thereto and elects to accept the benefit of such consideration, is enforceable against her. Zachmann v. Zachmann, 201 Ill. 380; Friederich v. Wombacher, 204 Ill. 72. It is this character of contract, together with the wife's election to accept the benefit therein provided in lieu of her award, that is designated in Zachman v. Zachman, *supra*, an "executed contract" such as will bar the widow's right to her award.

It is the act of election by the widow, to accept the benefits accruing to her under the terms of the contract or the provisions of the will, in lieu of such statutory award, that is said to operate as a release of such award, and not the mere agreement to release, or the provision in a will in lieu thereof. This is manifestly what is intended by the court in Friederich v. Wombacher, *supra*, wherein it said : "Although a husband cannot, against the consent of his wife, deprive her of her statutory right to homestead and a widow's award by will or mere private contract, yet if he does by will give her money or property in lieu of those rights, and she elects to accept the same, she will be concluded by such election and acceptance."

The contract here involved was evidently intended to operate as a release by each to the other of all rights accruing to each in the property of the other by virtue of the marriage relation, which were of a reciprocal nature. The same language, in substance, is used in designating the rights released by each in the property of the other, and no intention is evident to release any distinctive or peculiar right of either in the property of the other not common to both. Appellee's intestate had no right in the property of appellant after her death, accruing to him by virtue of the marriage relation, analogous to her right to a widow's award, and there is no suggestion in the contract that the

release of any such right was contemplated. Furthermore the contract provides no benefit to accrue to appellant from appellee's intestate, in lieu of her award, whereby she is put to an election of the acceptance of such benefit.

We hold that by the ante-nuptial contract in question, appellant did not release her right to her widow's award, and that the County and Circuit Courts were in error in dismissing her petition for the appointment of appraisers to set apart such award to her.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*