SOPHIA KOELLING, Plaintiff in Error, *vs.* LOUISE FOSTER *et al.* Defendants in Error.

*Opinion filed June 21, 1912.*

1. WILLS—*when widow cannot claim homestead and dower in lieu of bequest of personal property.* The fact that the bequest of the testator's personal property to the widow is so burdened with the payment of bequests as to be of no value to her does not authorize her to claim homestead and dower in lieu thereof, where she has for seven years, under the provisions of the same will, enjoyed a devise of the testator's whole farm and at the time of filing her bill is still enjoying a devise of her infant son's share of the farm, which she is to have during his minority and which includes and extends beyond the homestead estate.

2. WIDOW'S AWARD—*when right to apply for order to sell land is barred.* A delay of seven years from the grant of letters of administration in applying for an order for the sale of land to pay the widow's award is a bar to such proceeding unless some valid reason is shown for the delay.

3. HOMESTEAD—*when widow is estopped to claim homestead.* Where the widow accepts a provision in the will giving her the use and occupancy, during the minority of her infant son, of the share of the farm devised to him, which includes the homestead premises and extends beyond it, she is estopped to claim contrary to the provisions of the will and assert a homestead right under the statute.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOSEPH A. O'DONNELL, and JOSEPH D. O'DONNELL, for plaintiff in error.

JAMES A. PETERSON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county sustained the demurrer of the defendants in error, devisees and heirs-at-law of Christian Koelling, to the bill filed against them by

plaintiff in error, Sophia Koelling, widow of said Christian Koelling, praying for the assignment of dower and homestead and the satisfaction of a widow's award out of the real estate of her deceased husband, and dismissed the bill for want of equity. The plaintiff in error seeks a reversal of that decree.

The facts alleged in the bill, and which were admitted for the purposes of the demurrer to be true, are as follows: The complainant, Sophia Koelling, was married to Christian Koelling on October 9, 1890. They had both been married before and he then had eight children and she had two. As a result of this marriage Christian Koelling, Jr., was born. Christian Koelling died on June 19, 1899, and was the owner, at the time of his death, of a farm in Northfield, Cook county. By his will he gave to the complainant all his personal estate in lieu of dower, homestead rights and widow's award, provided she should pay out of the same, bequests to the children of his first marriage and a grandson, the son of a deceased daughter, amounting in the aggregate to $1800. He divided his farm into four parts and devised to each of his three sons of his first marriage a share containing about twenty-eight acres from and after the time when the youngest of said sons should become twenty-one years old, which would be on October 1, 1906. He devised the remaining share, on which the dwelling house and improvements were located, to Christian Koelling, Jr., the child of the testator and the complainant, when he should arrive at the age of twenty-one years. He devised to the complainant the whole farm until the youngest son of the first marriage should arrive at his majority, and the share devised to Christian Koelling, Jr., until he should become twenty-one years old. He authorized the complainant to sell and convey a farm which he owned in Minnesota and to pay a mortgage of $5000 on the Northfield farm with the proceeds, but he sold the Minnesota farm in his lifetime for $6000 and paid

the mortgage and expended the remainder of the proceeds. The Northfield farm was worth about $9000. The complainant was appointed executrix of the will and exempted from giving security. After the death of her husband the complainant occupied the whole farm until October 1, 1906, and has occupied that part devised to her son Christian Koelling, Jr., as a homestead. The complainant filed in the probate court an inventory of the real and personal estate, and the personal property amounted in value to $868.84, which was less than the bequests which she was required to pay as a condition for receiving the same. She had possession of the personal property on the farm, and property of substantially the same amount and character still remains there. On October 27, 1899, the probate court allowed a widow's award of $1200, which was never paid. That court removed complainant from the position of executrix, and the estate was finally settled in the probate court on November 15, 1906. The complainant is uneducated and cannot read or write the English language. On October 2, 1906, when the three sons of the first marriage had become entitled to the possession of their shares of the farm, the complainant demanded homestead and dower, and she filed her bill on June 26, 1907.

The ground upon which it is claimed that the complainant was entitled to the relief prayed for is, that the bequest of personal property in lieu of homestead, dower and widow's award was of no value, not being worth the bequests which she was required to pay. She had the privilege of renouncing the provisions of the will if she saw fit, and in that event would have been entitled to what the law provided for her. The bequest of the personal estate was burdened with a condition which rendered it of no value, but the will gave her the possession and use of the whole farm for seven years, and the right to occupy the homestead and the share devised to her infant son (which was of greater value than the homestead) until the son

should become twenty-one years of age. Whatever the inducement operating on the mind of the complainant may have been, she did not renounce the will but enjoyed the devise of the whole farm for a term of years, and is still enjoying the benefit of the devise of the share which included the homestead. If a court of equity could, under any circumstances, relieve a widow from the consequences of her failure to make a renunciation, the complainant gave no reason in her bill which would entitle her to such relief. She was the executrix and in possession of the property, and knew the terms of the will, the value of the personal estate and the burden imposed upon her. We cannot say that all persons who are uneducated and unable to read or write the English language are exempt from the requirements of the law, and no other reason for asking relief was alleged in the bill, although it contained an account of her hard labor and faithful and devoted services, both during the life of her husband and afterward. She administered on the estate until her removal, and the matter of the widow's award was within the jurisdiction of the probate court until the estate was settled. No reason appears why she should not have taken steps in that court to enforce a claim for widow's award against the real estate. (*Brack* v. *Boyd,* 202 Ill. 440.) A delay of seven years from the grant of letters of administration to apply for an order for the sale of land is a bar to such a proceeding unless some valid reason is shown for the delay. (*Furlong* v. *Riley,* 103 Ill. 628.) The complainant certainly knew, long before the lapse of seven years, the value of the personal property and the condition upon which it was given to her. She enjoyed the use of the real estate devised to her in the will and must be held to have accepted all of its provisions. (*Kidder* v. *Douglas,* 194 Ill. 388.) Although the devise of the homestead property until her infant son became twenty-one years old was not coupled with any condition concerning the homestead, it covered the homestead

property and extended beyond it, and as she accepted that devise she could not take a homestead under the statute. (*Carr* v. *Carr*, 177 Ill. 454.) Omitting any consideration of rights or obligations arising out of the facts relating to the personal estate, any enforcement of the widow's award against the real estate has been barred by the unexplained delay of more than seven years, and the enjoyment of the devise of an interest in the real estate estops the complainant to claim contrary to the provisions of the will. *Friederich* v. *Wombacher*, 204 Ill. 72.

The decree is affirmed.

*Decree affirmed.*