(No. 20764.—

HARRY W. STUBBLEFIELD, Exr., Appellee, *vs.* NORMAN L. HOWARD *et al.*—(THE FIRST NATIONAL BANK OF GREENFIELD, Appellant.)

*Opinion filed February 19, 1932—Rehearing denied April 8, 1932.*

JONES, J., took no part.

JESSE PEEBLES, for appellant.

FRANK A. WHITESIDE, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Harry W. Stubblefield, as executor of the last will and testament of his wife, Laura E. Stubblefield, filed a petition in the county court of Greene county to sell real estate to pay debts, alleging that he was entitled to homestead in one piece of real estate and dower in all of the real estate. The defendants were defaulted, except John H. Bassham, a brother of the testatrix, who filed an answer, in which he denied that the husband was entitled to either homestead or dower. The First National Bank of

Greenfield, a creditor, was granted leave to intervene and it adopted the answer of Bassham. The decree found that the husband did not renounce under the will, provided for the sale of the real estate to pay debts, and found that the husband was entitled to a homestead of $1000 in the premises where he and his wife lived at the time of her death and that he had consented in writing to the sale of his homestead, but that he was not entitled to dower. An appeal was prosecuted by the First National Bank on the ground that the husband was not entitled to a homestead, and the husband assigned cross-errors on the refusal to decree him dower.

Laura E. Stubblefield died testate in Greene county on November 17, 1928, leaving surviving her husband, Harry W. Stubblefield, a brother, John H. Bassham, and a sister, Eva Stock. She owned three pieces of real estate in Greenfield. One of them was lot 130 in the original plat of Greenfield, on which there was a garage. The second was the premises where she resided with her husband at the time of her death. The third consisted of three lots, on which there was a small house and barn. In the first clause of her will she directed that her debts and funeral expenses be paid. In the second clause, after the payment of debts and funeral expenses, she devised for life to her husband lot 130, on which the garage was located, with the remainder in fee to Norman L. Howard. In the third clause she devised to her sister, Eva Stock, the three lots in Greenfield for life in trust for a son, Buryl B. Stock, with the remainder in fee to the husband of the testatrix. By the fourth clause all of the residue of the estate went to the husband in fee and he was appointed executor. The petition to sell real estate set up these facts, and alleged that the claims allowed against the estate amounted to $10,843.24, that the debts exceeded the personal estate in the sum of about $7142.83, and that the husband of the testatrix was entitled to a homestead of $1000 in the premises where he and his wife lived

at the time of her death. The petition prayed that the court determine whether the second and third clauses of the will barred the dower rights of the husband.

The first question is whether the husband, by accepting the provisions of the will and not renouncing thereunder, was entitled to dower. Section 1 of the Dower act (Smith's Stat. 1931, p. 1122,) provides that the surviving husband or wife shall be endowed of the third part of all the lands whereof the deceased husband or wife was seized of an estate of inheritance at any time during the marriage unless the same shall have been relinquished in legal form. Section 10 provides that any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving husband or wife, shall, unless otherwise expressed in the will, bar the dower and other rights of such survivor given by section 1 thereof, unless such survivor shall elect to, and does, renounce the benefit of such devise or other provision, in which case he or she shall be entitled to such dower or other right as thereinbefore defined. Section 11 provides that anyone entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision unless within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision.

In *Warren* v. *Warren*, 148 Ill. 641, it was held that a devisee cannot accept the will as to dower and reject it as to the provisions which it makes for a homestead or residence; that where the widow fails to renounce the provisions for her by her husband's will within one year after the issue of letters upon her deceased husband's estate she will be held as electing to take under the will and will not be entitled to dower in the testator's lands; that under the peculiar provisions of our statute the provisions in a

will in favor of the testator's widow are declared to be a bar of her dower unless the intention that they shall not be a bar is expressed in the will itself; that the statute makes the silence of the testator the conclusive index to his intention, and the failure to renounce within a specified time is conclusive evidence that the surviving husband or wife has elected to take under the will. In *Ellis* v. *Dumond,* 259 Ill. 483, it was held that the acceptance by the widow of the provisions made for her in the will bars her right to dower in the estate disposed of by the will. In *Palenske* v. *Palenske,* 281 Ill. 574, on page 577 it was said: "The statutory provision for a written renunciation by a widow within one year after letters of administration are issued relates only to dower. The provision is contained in the Dower act, and under that act the provision in the will of a deceased husband or wife for a surviving husband or wife, unless otherwise expressed in the will, is a bar to dower unless the renunciation is filed. Such a provision in a will is an offer to purchase the dower interest for the benefit of the estate, and the failure to renounce the will bars dower and nothing else." In *Schaffenacker* v. *Beil,* 320 Ill. 31, it was held that under the Dower act if a widow makes no renunciation she is compelled to take under the will. In the case at bar, under the statute and these decisions, the appellee was not entitled to dower in the real estate. He accepted under the will and did not renounce its provisions, and the county court was not in error in refusing to decree him dower.

The next question is whether appellee was entitled to a homestead. Section 1 of chapter 52 (Smith's Stat. 1931, p. 1483,) provides that every householder having a family shall be entitled to an estate of homestead to the extent in value of $1000 in the land and buildings thereon occupied by him or her as a residence, and such homestead, and all rights and title therein, shall be exempt from attachment, judgment, levy or execution and sale for the payment

of his debts or other purposes, and from the law of conveyance, descent and devise, except as thereinafter provided. Section 2 provides that such exemption shall continue after the death of such homesteader for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead and of the children until the youngest child becomes twenty-one years of age.

In *Elmore* v. *Carter,* 289 Ill. 560, it was held that one who accepts the benefit of a provision in his favor in a will is precluded from attacking and defeating a bequest or devise to another by the same will if his acceptance is with full knowledge of the facts. In *Stunz* v. *Stunz,* 131 Ill. 210, it was held that where a will gives a widow one-third of the net income of the testator's real estate for life and the right to live on his homestead, but not to the exclusion of his children and until she shall marry again, and she fails to renounce the will, she will take no dower or homestead under the statute but whatever rights she may take will be under the will; that the general rule is that if a widow takes under a will she will be bound by its provisions; that the provisions made by the will are inconsistent with the homestead estate given by the statute, and where the widow elects to take under the will she cannot claim the homestead under both the statute and the will.

In *Carr* v. *Carr,* 177 Ill. 454, on page 457 it was said: "Although the statute declares that the estate of homestead shall be exempt from the laws of conveyance, descent or devise except as therein provided, it has been settled in this court that if a devise of property in which there is a homestead is made to the widow and she accepts the provisions of the will, she will take the premises under the will and by virtue of it and will not take an estate of homestead under the statute. [Citing cases.] The estate of homestead created by the statute, which continues exempt after the death of the householder, lasts so long, only, as the widow continues to occupy such homestead, and it may be

lost by abandonment. The estate devised in this will is an absolute estate for life in the whole premises, not limited by value or occupation and not subject to be terminated by abandonment, and it was consequently a different estate from that given by the statute. The acceptance of the provisions of the will by the defendant would prevent her from claiming the exemption of the Homestead law, but she took under the will an estate for life, which could not be lost by her removal from the premises. The intention of the testator was to confirm to her the homestead, whatever its value might be, and to enlarge the statutory right to a life estate. The devise was not an attempt to divert the homestead from one entitled to occupy it but to add to the right given by statute."

In *Koelling* v. *Foster*, 254 Ill. 494, on page 497 this court said: "Although the devise of the homestead property until her infant son became twenty-one years old was not coupled with any condition concerning the homestead, it covered the homestead property and extended beyond it, and as she accepted that devise she could not take a homestead under the statute."

The appellee took the homestead in fee under the fourth clause of the will and did not take a homestead under the statute, and the decree was in error in so finding.

The decree is reversed and the cause remanded, with directions to enter a decree of sale of the real estate to pay debts, which sale shall be free of homestead and dower of the appellee.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*

Mr. Justice Jones took no part in this decision.