(No. 33581.—

LEVI REMILLARD, Exr., Appellant, *vs.* LEONIE REMILLARD *et al.,* Appellees.

*Opinion filed September 23, 1955—Rehearing denied Nov. 21, 1955.*

E. J. LaMarre, and Richard L. Johnston, both of Kankakee, for appellant.

C. M. Granger, of Kankakee, for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

August Remillard owned and occupied a three-room frame house at the time of his death. He was survived by his widow, Leonie, and five daughters and a son who were the children of a previous marriage. By his will he made modest bequests to his daughters and devised a life estate in all his real and personal property to his widow, with the remainder to his son. On March 5, 1952, the will was admitted to probate and letters testamentary issued. Mrs. Remillard continued to occupy the house after her husband's death. She did not renounce the will, and the question for decision is whether she is entitled to a homestead estate in the property.

On October 5, 1954, Levi Remillard, executor of his father's will, filed a petition in the county court of Kankakee County to sell the real estate to pay debts. He alleged that no homestead was involved, and sought an order of sale without the written assent of Leonie Remillard. Her answer denied that she had accepted the life estate devised

to her, and alleged that since the death of her husband she had continued to occupy the property as her homestead. Her answer also alleged that the executor was not entitled to sell the property free and clear of her estate of homestead unless she was paid $1000 upon vacating the premises.

The county court entered an order directing the executor to sell the property, appraised at $4250.00, and out of the proceeds to pay: (1) $1000 to Leonie Remillard on account of her homestead interest; (2) claims aggregating $4356.85, including a widow's award of $1000; (3) the value of her life estate to Leonie Remillard, and the balance to the other persons entitled thereto under August Remillard's will. The executor appeals directly, a freehold being involved. *Krusemark v. Stroh,* 385 Ill. 64.

The executor attacks the order insofar as it allows $1000 to Leonie Remillard on account of her homestead estate, on the ground that she had accepted the provisions of the will by not renouncing it, and was therefore barred from asserting her right to a homestead estate. Mrs. Remillard contends that she did not elect to accept the will, but rather rejected it in her answer to the executor's petition and elected to take her statutory estate of homestead.

Section 1 of the Homestead Exemption Act (Ill. Rev. Stat. 1953, chap. 52, par. 1) declares that the estate of homestead "shall be exempt * * * from the laws of conveyance, descent and devise, except as hereinafter provided." Although the course of decision might have been otherwise in view of this language of the Homestead Act and the doctrines generally applicable to homestead and dower, (See Kales, Homestead Exemption Laws of Illinois, sec. 264, 265,) it has come to be established that where, as in this case, property in which there is a homestead estate is devised to the widow, and she accepts the provisions of the will, she thereby elects to take the property under the will in lieu of her homestead estate. *Stubblefield v. Howard,* 348 Ill. 20; *Carr v. Carr,* 177 Ill. 454, 457; *Koelling v.*

*Foster,* 254 Ill. 494; *Fry* v. *Morrison,* 159 Ill. 244; *Warren* v. *Warren,* 148 Ill. 641; *Stunz* v. *Stunz,* 131 Ill. 210; *Cowdrey* v. *Hitchcock,* 103 Ill. 262; see 1950 Ill. Law Forum 99, 120.

In this case the widow concedes that the will must be accepted or rejected as a whole and that she can not have both a homestead estate under the statute and the life estate given her by the will. She therefore also concedes that the order appealed from was erroneous to the extent that it awarded her a life estate in addition to homestead. But she argues that she was properly awarded a homestead estate and that the order should be modified by eliminating the provision for her·life estate.

Her contention is that she made no election to take under the will; that her continued possession of the property was consistent with her claim of a homestead estate, and that under the present Probate Act she has not elected to take under the will. We agree that her continued possession was equivocal, attributable as well to a claim of homestead as to acceptance of the life estate under the will. But we are of the opinion that she has elected to take under the will.

The argument that there has been no election is based upon a change in the language of the applicable statute. Prior to the Probate Act of 1939, section 11 of the Dower Act provided for an election by the surviving spouse between dower on the one hand, and the provisions of a will on the other, and expressly stated that a surviving spouse who did not renounce the will in accordance with the statute "shall be deemed to have elected to take such * * * devise * * *." (Ill. Rev. State 1937, chap. 41, par. 11.) The corresponding section of the present Probate Act omits the quoted language. It provides, "In order to renounce a will the testator's surviving spouse shall file at the time and place provided for herein a written instrument signed by the surviving spouse and declaring the renunciation."

(Ill. Rev. Stat. 1953, chap. 3, par. 169.) It is upon this difference in phraseology that the widow's case rests.

As we read the two provisions, the difference between them, for present purposes, is that the earlier one contained an express statement of the consequence of a failure to renounce, while the present one does not. We think it is clear, however, that the same consequence must follow by necessary implication under the present statute, and that unless the widow has renounced the will she has elected to take under it.

Neither the present statute nor its predecessor expressly refers to the homestead estate of the surviving spouse. Both deal with acceptance or renunciation of the will so far as the right of the surviving spouse to dower is concerned. But under the equitable doctrine of election, acceptance of the will for one purpose means its acceptance for all purposes. "It is a well settled rule in equity that if any person shall take any beneficial interest under a will he is thereby held to confirm and ratify every other part of the will, and cannot set up any right or claim of his own which would defeat or in any way prevent the effect and full operation of any part of the will." (*Pace* v. *Pace*, 271 Ill. 114, 117; see also, *VanSchaack* v. *Leonard*, 164 Ill. 602, 606; *Palenske* v. *Palenske*, 281 Ill. 574; *Stubblefield* v. *Howard*, 348 Ill. 20.) Failure to renounce is an election to take under the will, and it bars any claim inconsistent with that position.

It follows that the order appealed from erroneously awarded a homestead estate to to the widow. It is therefore reversed, and the cause is remanded to the county court of Kankakee County, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*