ELLEN T. DOUGHERTY, Plaintiff in Error, *vs.* CHARLES GAFFNEY *et al.* Defendants in Error.

*Opinion filed April 23, 1909.*

1. WITNESSES—*what agreement does not render legatee competent to testify against will.* Where the interest of a person as heir, in the event a will is set aside, is greater than her interest as legatee, the fact that she signs an agreement acknowledging the receipt of her legacy from the chief beneficiary under the will and of a further sum, in consideration of which she declares her "acceptance" of the will and agrees not to contest it, does not render her competent to testify against the will upon the alleged ground that the agreement barred her right to claim an interest in the estate in the event the will was set aside.

2. WILLS—*issue of undue influence should be taken from jury if there is no evidence to support it.* It is proper for the court, in a will contest case, to take the issue of undue influence from the jury and refuse all instructions offered on that issue, where there is no proof tending to establish such charge.

CARTWRIGHT, C. J., SCOTT and CARTER, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding.

On August 21, 1907, Ellen T. Dougherty, plaintiff in error, filed her bill in the circuit court of Jersey county against Charles Gaffney, John E. Gaffney, Dennis Gaffney, Jr., Matthew Gaffney and Hattie Ring, defendants in error, to contest the will of Dennis Gaffney, Sr., deceased. Upon a hearing, in accordance with the verdict of the jury, a decree was entered sustaining the will, and to review that decree the contestant has sued out this writ of error.

The bill alleges that at the time of the making of the alleged will Dennis Gaffney, Sr., was not of sound mind and memory and that he was unduly influenced by Charles Gaffney, the principal beneficiary.

Dennis Gaffney, Sr., died on November 28, 1906, leaving surviving him Dennis Gaffney, Jr., Matthew Gaffney, Hattie Ring and John E. Gaffney, children by his first wife, and Ellen T. Dougherty and Charles Gaffney, children by his second wife, his only heirs-at-law. At the time of his death he was the owner of certain real estate in the city of Jerseyville, which he had occupied as a home for a number of years prior to his death. He was also the owner of a farm consisting of 320 acres, worth between $20,000 and $25,000, located in Jersey county, Illinois, and certain personal property. By the will in question he devised to Margaret Gaffney, his third wife, who was living when the will was executed but whose death occurred prior to that of her said husband, the use of the property in Jerseyville for life. This property, subject to the life estate of Margaret Gaffney, together with all his personal property and the 320-acre farm, Mr. Gaffney devised and bequeathed to his son Charles Gaffney, subject to the payment of a legacy of $500 to each of the other children above named, and with a provision that Charles Gaffney should support Margaret Gaffney during her lifetime.

239—41

On January 11, 1907, the will was admitted to probate in the county court of Jersey county and letters testamentary were issued to Charles Gaffney, who was named as executor in the will. It appears that Hattie Ring was dissatisfied with the provision made for her and threatened to institute proceedings to contest the will. To forestall this litigation, Charles Gaffney, on February 11, 1907, paid to her the legacy of $500 left her by the will and an additional sum of $500, at which time she executed the following instrument, to-wit:

"$1000.00.        JERSEYVILLE, ILL., *Feb'y. 11, 1907.*

"Received of Charles Gaffney the sum of $500 in full payment, satisfaction and discharge of a certain legacy of that amount given to me by the last will and testament of my father, Dennis Gaffney, late of Jersey county, Illinois, as admitted to probate and of record in the county court of said county; and I hereby acknowledge receipt from said Charles Gaffney of the further sum of $500, being in all $1000; and in consideration of the payment of said sum I do hereby declare my acceptance of said will as the true last will and testament of said deceased, and I covenant and agree to abide by said will and agree not to institute or prosecute any suit or proceedings to contest the same, or to voluntarily aid or assist any other person in such suit or proceeding.

HATTIE RING. (Seal.)"

Upon the trial Hattie Ring was called as a witness by the contestant. On objection being made to her competency she was not permitted to testify.

VAUGHN & CHAPMAN, for plaintiff in error.

CHARLES S. WHITE, and HAMILTON & HAMILTON, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

It is conceded by plaintiff in error that the decree of the circuit court should not be reversed on the ground, alone, that the verdict of the jury was against the weight of the evidence. The argument of counsel is devoted mainly to the proposition that the court erred in holding that Mrs. Ring

was an incompetent witness, the contention being that the agreement set out in the preceding statement barred her right to claim any interest in the estate of her father in the event of the will being set aside. It is not claimed that the agreement was a conveyance or assignment to Charles Gaffney of any interest she might, in that event, otherwise be entitled to in the estate of her father, but that it raised an estoppel against her in favor of Charles Gaffney. We do not think the case presented is one where the doctrine of estoppel is applicable. The facts show that Mrs. Ring's interest in the estate, if it descended to the heirs as intestate property, would have been much greater in value than the amount paid her by her brother, and in the distribution of it, if it were distributed as intestate estate, the rights and interest of Charles Gaffney could be so guarded and protected as that no loss would accrue to him on account of the payments made Mrs. Ring. Furthermore, the agreement was with Charles Gaffney alone, and if it were conceded that Mrs. Ring was estopped, as to him, from claiming any interest in the estate in the event of the will being set aside, she would not be estopped as to the other heirs. We do not construe the agreement to have had any other or different effect upon Mrs. Ring's rights than the acceptance of the $500 legacy under the will would have had in the absence of any agreement. Such acceptance alone, if made with full knowledge of all the facts, would have been a bar to her right to contest the will. *Gorham* v. *Dodge,* 122 Ill. 528; *Friederich* v. *Wombacher,* 204 id. 72.

The express acceptance of the will, and the covenant and agreement not to institute or prosecute any suit to contest it or to voluntarily assist any other person in so doing, could add nothing to the effect of Mrs. Ring's acceptance of the legacy, alone. The facts disclosed by the record show that Mrs. Ring has not attempted to contest the will, nor does it appear that she has willingly sought to assist anyone else in doing so. The suit was brought by one of the other heirs,

to which Mrs. Ring was made a defendant, and she was called as a witness by the complainant. She was not acting upon her own motion, nor in any way in violation of her agreement with her brother nor in bad faith toward him. The interest of Mrs. Ring was in favor of setting aside the will, and being called to testify as a witness in behalf of the party seeking to accomplish this result she was incompetent, and the court properly sustained the objection of defendants in error to her being permitted to testify.

Complaint, also, is made of the rulings of the court in refusing a number of instructions offered by plaintiff in error upon the question of undue influence. The court took that question from the jury and refused all instructions asked by plaintiff in error upon that subject. We think the ruling of the court in this respect was correct. There was no proof tending in the slightest to establish the charge of undue influence. The principal basis of the claim that the court should have instructed the jury upon this question is, that the will distributes the testator's property unequally between his heirs. The testimony negatives any inference that this was the result of undue influence.

The sixth instruction given on behalf of defendants in error was not an accurate statement of the law, but it was of such character that, in view of the evidence and other instructions given, it could not have in any way prejudiced plaintiff in error.

We find no reversible error in any of the rulings of the court in giving and refusing instructions, and the decree of the circuit court is affirmed.          *Decree affirmed.*

CARTWRIGHT, C. J., SCOTT and CARTER, JJ., dissenting.