(No. 12570.—Decree affirmed.)

JESSE T. ELMORE *et al.* Plaintiffs in Error, *vs.* PHILIP CARTER *et al.* Defendants in Error.

*Opinion filed October 27, 1919.*

1. WILLS—*one cannot ordinarily take under a will and against its terms.* One who accepts the benefit of a provision in his favor in a will is precluded from attacking and defeating a bequest or devise to another by the same will if his acceptance is with full knowledge of the facts.

2. SAME—*party taking under a will is not precluded from questioning devise which is void.* One who accepts a benefit under a will is not precluded from questioning the validity of other provisions of the will as opposed to the law or public policy, and the fact that a widow has accepted an unconditional life estate under her husband's will does not preclude her or her heirs from taking as intestate estate a remainder given to a charitable corporation under a provision of the will which was void because contrary to a statute and because the corporation has ceased to exist. (*Ellis* v. *Dumond,* 259 Ill. 483, distinguished.)

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. THOMAS M. JETT, Judge, presiding.

JARVIS DINSMOOR, and H. A. BROOKS, for plaintiffs in error.

MAURICE B. JOHNSTON, and HUGH V. MURRAY, (THOS. E. FORD, WILLIAM JOHNSTON, and R. H. FLANAGAN, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By the writ of error in this case the court is called upon to decide rights of inheritance in 178 acres of land in Clinton county between the heirs of Walton Elmore, who died childless, and the heirs of his widow, Susan Elmore, who after his death was married to Thomas J. Ritchie. Walton Elmore made his will on April 7, 1893, and died on April 10, 1893. By the will he devised a life estate to his wife, Susan Elmore, with remainder in fee to the Transit and Building Fund Society of Bishop William Taylor's Self-Supporting Missions. On September 1, 1916, two sisters and the heirs-at-law of a deceased brother of the testator, who together constituted his heirs-at-law, filed their bill against the mission society, alleging that it was a New York corporation incapable of taking the land by devise, and praying that the devise to it be set aside and declared void and the land be partitioned among the heirs-at-law. Upon a joinder of issue and evidence heard by the chancellor the prayer of the bill was granted, on the grounds that by the provisions of the charter and the law of New York such a devise must be made and executed at least sixty days previous to the death of the testator, and because the mission society had become civilly dead and ceased to exist before the death of the testator. On June 30, 1917, the defendants in error, collateral relatives and heirs-at-law of Susan Elmore Ritchie, who died March 8, 1916, intervened in the case, answered the original bill and filed a cross-bill, alleging that the devise to the New York corporation being invalid, Susan Elmore, widow of Walton Elmore, on his death became seized in fee of the undivided one-half of the lands, which descended at her death to her heirs-at-law.

289 — 36

The cause was heard upon a stipulation of facts. The widow, Susan Elmore, accepted the devise to her, acted as administratrix with the will annexed and administered the estate of her deceased husband, and the names of the heirs of Walton Elmore and Susan Elmore Ritchie were properly set forth in the proceedings. The chancellor entered a decree on May 14, 1917, finding the respective interests as set forth in the amended cross-bill and ordered partition accordingly.

One who accepts the benefit of a provision in his favor under a will is precluded from attacking and defeating a bequest or devise to another by the same will if his acceptance is with full knowledge of the facts, or, otherwise stated, one cannot take under a will and against its terms. (*Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Brown* v. *Pitney,* 39 id. 468; *Lessley* v. *Lessley,* 44 id. 527; *Gorham* v. *Dodge,* 122 id. 528; *Fry* v. *Morrison,* 159 id. 244; *Madison* v. *Larmon,* 170 id. 65; *Buchanan* v. *McLennan,* 192 id. 480; *Richardson* v. *Trubey,* 250 id. 577; *Koelling* v. *Foster,* 254 id. 494; *Palenske* v: *Palenske,* 281 id. 574.) While that is true, one who accepts a benefit under a will, and thereby admits that its provisions constitute the will of the testator, is not precluded from questioning the validity of the will as opposed to the law or public policy, as in the case of a provision violating the rule against perpetuities. (*Matter of Walkerly,* 108 Cal. 659.) This was declared to be the law in *Schuknecht* v. *Schultz,* 212 Ill. 43, in which there were devises to the testator's son until the youngest grandchild of the testator should be twenty-five years old, when the property was to be divided equally among the grandchildren. The complainant, J. Fred Schuknecht, was a beneficiary under the will and filed his bill to have the third and fourth devises declared void under the rule against perpetuities. It was contended that he was bound to confirm and ratify every other part of the will, but it was held that the doctrine of election had no application to the facts;

that where a devisee or legatee takes something under the will to which he would not be otherwise entitled, and at the same time seeks to hold property disposed of by the will to which he would have been entitled if there had been no will, the doctrine of election applies, but that the clauses of the will violating the rule against perpetuities being void, must be treated as though never made and constituting no part of the will. The same rule has been declared where a bequest was invalid under a statute rendering bequests to charitable corporations or uses void when made within a certain time before the testator's death. (*In re Schmidt*, 15 Mont. 117.) The devise to the mission society was void, not only because of the charter of the corporation and the laws of New York but also because the corporation was civilly dead and had no existence. There was therefore neither devise nor devisee of the remainder after the life estate, and the attempted devise of the remainder was a nullity and no part of the will.

Susan Elmore was not required to elect whether she would take the life estate, and thereby confirm the attempted devise, or claim her inheritance in the intestate property. In the case of *Ellis* v. *Dumond*, 259 Ill. 483, where it was held that the acceptance by the widow of the provision made for her in the will barred her right of dower not only in the estate disposed of by the will but also in intestate property which the testator acquired after the will was made but did not dispose of, the provisions for the wife were "made to her in lieu of her dower and all other rights as widow of my estate." There was no condition annexed to the devise of the life estate to Susan Elmore. The decision in the case referred to was also based on the provision of the Dower act that an acceptance of a provision made for a widow by a will bars her claim of dower in any of the lands of which the testator died seized, whether the same was devised by will or not.

The decree is affirmed.                    *Decree affirmed.*