(No. 12754.—Decree affirmed.)

EDWARD P. FISHBURN, Plaintiff in Error, *vs.* WILLIAM O. GREEN *et al.* Defendants in Error.

*Opinion filed February 18, 1920.*

1. APPEALS AND ERRORS—*acts before entry of decree do not release errors.* Acts done before the entry of a decree cannot be the basis of a plea of release of errors, but such a plea must state some fact by which the errors were released after they were committed.

2. SAME—*one who accepts benefits of decree releases errors.* If a party against whom a decree has been rendered voluntarily accepts the benefits of the decree, such acceptance operates and may be pleaded as a release of errors.

3. WILLS—*acceptance of legacy after decree dismissing bill to contest will is a release of errors.* The acceptance of a legacy by an heir after a decree has been entered dismissing his bill to contest the will constitutes a release of errors, as he has the choice of accepting the legacy or litigating the estate, and he cannot do both. (*Ward* v. *Ward,* 134 Ill. 417, distinguished.)

4. SAME—*effect of accepting beneficial provision of will.* One who accepts a provision of a will for his benefit is precluded from attacking other lawful provisions of the same will. (*Elmore* v. *Carter*, 289 Ill. 560, distinguished.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

E. I. FRANKHAUSER, for plaintiff in error.

WILLIAM RITCHIE, and IRA J. GEER, for defendants in error William O. Green and Walter V. Aikman; CHARLES Y. FREEMAN, for Vera Fowler Henrotin and Eugene Heald Fowler; RICHARD H. MATHER, for Mina LaPearle Bentley; and WILLIAM ANNAN TAYLOR, for Louise Giffen Fishburn and Isabelle Fishburn.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county having dismissed the bill filed by Edward P. Fishburn to contest the will of his brother, Eugene H. Fishburn, of whom he was the sole heir, the complainant sued out a writ of error.

Defendants in error filed a plea of release of errors and the cause has been submitted on a demurrer to the plea. The plea alleged various acts of the plaintiff in error in connection with the probate of the will and the defense of a previous suit to contest it, brought by one who claimed to be an adopted son of the testator, which acts are claimed to be inconsistent with the claims of the plaintiff in error in this case and to be of such a character as to estop him from insisting upon such claims. Acts done before the entry of a decree cannot be the basis of a plea of release of errors. They might perhaps justify the court in rendering a decree, but if the decree, when entered, was erroneous, acts previously done would not constitute a release of the errors subsequently committed. (*Borah Drainage District*

v. *Ankenbrand,* 277 Ill. 132.) A plea of release of errors must state some fact by which the errors were released, occurring after such errors were committed.

The will disposed of all of the testator's property and contained the following provision in favor of the plaintiff in error:

"*Second*—I give to Roy E. Patterson, of Washburn, Illinois, in trust, the sum of $5000, to be invested and re-invested by him in bonds and first mortgage loans on real estate, or both, the income therefrom, as it accrues, to be paid to my brother, Edward P. Fishburn, and Hattie Fishburn, his wife, and the survivor of them, during the term of their natural lives, and upon the death of the survivor the principal sum to be divided by my trustee among the heirs-at-law of my said brother according to the laws of descent in the State of Illinois. In case of the death, resignation or inability of said Roy E. Patterson to perform the duties of this trust, I appoint my nieces, Frances Fishburn Patterson, of Washburn, Illinois, and Bessie Fishburn Wetzler, of Peoria, Illinois, and the survivor of them, as trustees to succeed said Patterson and with the same powers to carry out this trust, and request that neither they nor Mr. Patterson shall be required to give bonds for the true performance of their trust."

There were several bequests and a residuary devise to persons other than the plaintiff in error.

Besides the allegations which have been mentioned the plea averred that on May 8, 1919, long after the decree was rendered, the executors, with the knowledge and consent of the plaintiff in error, paid to Roy E. Patterson, the trustee under clause 2 of said will, for the plaintiff in error and others, the full amount of the legacy in that clause mentioned, together with interest from April 27, 1916, one year after the death of the testator, until the date of payment, such interest amounting to $756.94, and that Patterson, as trustee as aforesaid, with the knowledge and consent of the

plaintiff in error, executed a written receipt and acknowl-
edgment of payment of said legacy; that all of the money
so paid has been retained and appropriated and that said
interest is still retained and appropriated by the plaintiff in
error and Hattie Fishburn and Roy E. Patterson, trustee,
by the common understanding, agreement and co-operation
of all of them.

If a party against whom a decree has been rendered vol-
untarily accepts the benefits of the decree, such acceptance
operates and may be pleaded as a release of errors. (*Lang-
her* v. *Glos,* 276 Ill. 342; *Schaeffer* v. *Ardery,* 238 id. 557.)
The plaintiff in error's answer to this proposition is, that
if he succeeds in obtaining a judgment that the will was
not the last will and testament of Eugene H. Fishburn, he
will be entitled, as heir, to all the estate, and if he fails
in having the will set aside he will still be entitled to the
income on said $5000 during his life, and that therefore no
damage or wrong can be done to the estate of Eugene H.
Fishburn or the executors by the payment of the legacy to
the trustees named in the will. One who accepts a provi-
sion for his benefit under a will is precluded from attack-
ing other lawful provisions of the same will. (*Elmore* v.
*Carter,* 289 Ill. 560.) By accepting its benefits he admits
the instrument to be the will of the testator, and he can
not both take under it and make a claim against its terms.
The case of *Elmore* v. *Carter, supra,* is cited by the plain-
tiff in error in support of his claim to contest the validity
of the will while accepting its provision in his favor. But
it does not support it. In that case the devise of the re-
mainder was void because unlawful, and it was held that
the heirs of the devisee of the life estate, who was the
widow of the testator, were not estopped by her acceptance
of the devise to claim one-half of the remainder in fee.
·Because the devise of the remainder was void the will was
ineffectual except as to the life estate. There was an in-
testacy as to the remainder, and there was no inconsistency

291 — 23

in the claims of the widow to the life estate under the will and to the half of the remainder which descended to her under the Statute of Descent. When the plaintiff in error accepted the $5000 legacy under the will he was entitled to no further interest in the estate. The plaintiff in error is not entitled both to take the legacy and to have the will set aside. If this will should be set aside perhaps another might be produced which would cut him off entirely. The decree determined that he had no right to have the will set aside. He had then his election to try to secure a reversal of the decree or to abide by it and accept the provision made for him by the will. By his acceptance of the legacy he elected to abide by the will and the decree.

We are referred to the case of *Ward* v. *Ward,* 134 Ill. 417, to sustain the plaintiff in error's position that no injury could be done to the estate and that therefore the acceptance of the legacy would not constitute a release of the errors. In that case the complainant filed a bill praying for the assignment of homestead and dower in the lands of her deceased husband, and the only question presented by the record was whether she was estopped from saying that she had renounced the devises and bequests to her in his will. She had signed a statement that she elected to take the legacy given her by the will of her husband and she had received certain articles of personal property mentioned in the will and taken possession of half the homestead as directed by the will, but the court held that there was no election, because she was entitled to all she had received independently of the will, even though it was the valid will of the testator. She was entitled to the articles taken by her under the statute, and it was therefore impossible that there could be an election where the will gave only what had passed to her by operation of law. The right of the widow in that case was a statutory right, which was paramount to the will and could not be taken from her by it. She was therefore not put to her election. In this case the

plaintiff in error had no interest in the property of the testator of which he could not be deprived by the will, and the will did deprive him of all interest in the estate except the $5000 legacy. He had the choice of accepting the legacy or litigating for the whole estate. He could not do both. The acceptance of the legacy was an election to surrender the alternative right.

The demurrer to the plea will be overruled and the decree affirmed.                                  *Decree affirmed.*

---

(No. 13086.—Reversed and remanded.)
THE SMITH-LOHR COAL MINING COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(JOSEPH MIKLAUTSCH, Defendant in Error.)

*Opinion filed February 18, 1920.*