(No. 14257.—Demurrers sustained.)

MARY JANE CHANEY *et al.* Plaintiffs in Error, *vs.* DREW BAKER *et al.* Defendants in Error.

*Opinion filed April 19, 1922.*

1. WILLS—*acceptance of benefits under one provision of will does not preclude questioning validity of other provisions.* The voluntary acceptance by a party of a provision in a will for his benefit precludes him from attacking other lawful provisions of the will, as the acceptance amounts to an admission that the will is genuine; but such party is not thereby precluded from questioning the validity of other provisions as being contrary to the law or public policy.

2. RELEASE OF ERRORS—*when filing of bill to construe will is not a release of errors in decree sustaining the will.* The filing of a bill to construe a will so as to have certain provisions for a trust declared void does not amount to a release of errors in a decree sustaining the will in a contest case, where there is no averment in the bill either directly or inferentially admitting the validity of the will, the prayer being to have the estate preserved until the final determination of the litigation in the review of the contest case.

302—31

3. SAME—*when acceptance of household goods is not a release of errors in decree sustaining will.* Where a testator, after devising most of his property to his son, provides for the sale of household goods after the death of his widow and a distribution of the proceeds among his daughters, and where the widow dies soon after a decree is entered sustaining the will in a contest proceeding brought by the daughters, their acceptance from the executors of a share of the household goods, whether or not they paid anything for them, is not a release of errors in the decree sustaining the will.

4. SAME—*when demurrer to replication will be carried back to plea of release of errors.* A replication to a plea of release of errors which does not answer the facts stated in the plea is insufficient, but if the facts stated in the plea are insufficient to amount to a release of errors the demurrer will be carried back and sustained as against the plea.

5. SAME—*compliance with decree must be voluntary to operate as a release of errors.* Any act relied upon as a release of errors must be voluntary in the sense that the party is not required by the decree to do the act, and the voluntary payment, performance or satisfaction of a judgment, order or decree which confers no benefit cannot operate as a release of errors, even if there is an agreement that the decree shall be executed as entered.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

W. F. GRAY, A. F. MILLER, CHARLES Y. MILLER, and LEFORGEE, BLACK & SAMUELS, for plaintiffs in error.

HERRICK & HERRICK, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John Baker executed his last will and testament on October 30, 1916, in which he named his sons, Drew Baker and Wesley Baker, as executors. He died on June 10, 1918, leaving Fannie Baker, his widow, Drew Baker and Wesley Baker, his sons, and Mary Jane Chaney, Martha Ella Shinneman, Samantha A. Long, Alice Chaney, Rosa B. Adams and Emma Halcom, his daughters, his heirs-at-law. The will was admitted to probate, and the daughters,

except Emma Halcom, filed their bill in the circuit court of DeWitt county to set aside the probate of the will, charging mental incapacity and undue influence, and making the two sons, Emma Halcom and the widow defendants. The widow and Emma Halcom were defaulted and the sons answered the bill. Issues were made up, and on a trial the court withdrew the question of undue influence and there was a verdict sustaining the will, with a finding that the testator was of sound mind and memory when he executed the same. The widow, Fannie Baker, died on July 2, 1920, and the complainants in the bill sued out a writ of error from this court, making the sons and Emma Halcom defendants, and by the assignment of errors questioned the findings of fact and decree and rulings of the court in the admission of evidence and in giving and refusing instructions. Drew Baker and Wesley Baker, two of the defendants in error, in their own right and as executors, filed eight pleas of release of errors. The plaintiffs in error demurred to the first plea and filed a replication to the others, and the two defendants in error who filed the pleas demurred to the replication.

The first plea alleged that after the rendition of the decree in the circuit court of DeWitt county and before the suing out of the writ of error, the plaintiffs in error on August 20, 1920, filed their bill in the circuit court of DeWitt county against the defendants in error and others, setting forth the will of John Baker *in hæc verba,* the admission of the will to probate, the filing of the bill to contest the will and the resulting verdict and decree; that the bill so filed then alleged that the cause was yet to be reviewed by this court and the litigation would be pending for some time in order to determine whether the will was valid; that Drew Baker and Wesley Baker, as executors or individuals, had taken possession of the farm lands and rea' estate, and that clauses 7, 8, 9, 10, 11, 13 and 14 of the ll were void and contrary to law in attempting to

create a trust extending beyond the lifetime of the widow. In the bill the plaintiffs in error alleged that they could not ask for a construction of the will at that time until the final determination of the contest, and they prayed for the appointment of a receiver to control and manage the farm lands until the final determination of the will contest, and if the instrument was finally held to be the will of John Baker the clauses in question should be held void, and in the event the instrument 'should finally be declared not to be the will of John Baker then the premises should be partitioned.

The argument in support of the plea is, that by filing the bill set forth therein the plaintiffs in error recognized that the will was valid and the defendants in error were executors thereof, and recognized the trusts by calling for an accounting of rents and profits, which amounted to a release of errors. The voluntary acceptance by a party of a provision for his benefit conferred by a will precludes him from attacking other lawful provisions of the will. By accepting the benefit he admits the will to be the instrument of the testator, and he cannot take under the will and make a claim against any lawful provision of it. (*Langher* v. *Glos,* 276 Ill. 342; *Elmore* v. *Carter,* 289 id. 560; *Fishburn* v. *Green,* 291 id. 350.) So if a party to a decree voluntarily accepts benefits conferred on him by it his acceptance is a release of any errors in the decree. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Thomas* v. *Negus,* id. 700; *Ruckman* v. *Alwood,* 44 Ill. 183; *Moore* v. *Williams,* 132 id. 591; *Trapp* v. *Off,* 194 id. 287.) A qualification of the rule is, that even though one accepts a benefit under a will and thereby admits that its provisions constitute the will of the testator, he is not precluded from questioning the validity of provisions therein contrary to the law or public policy. (*Schuknecht* v. *Schultz,* 212 Ill. 43; *Elmore* v. *Carter, supra;* 10 R. C. L. 820.) The decree sustaining the will conferred no benefit upon the plaintiffs in error but the

provisions of the will were contrary to their interests and against their claim as heirs-at-law. There was nothing in the bill which could be construed as an admission of the validity of the will or an acceptance of any benefit under it. There was no averment which either directly or inferentially admitted the validity of the will or any of its provisions, and the prayer was that the estate might be preserved until the final determination of the litigation, and in the event that the will was sustained, to obtain a construction that the clauses relating to a trust were void. The particular provisions of the will relating to a trust were not the subject of litigation in the will contest but depended upon construction if the will should be sustained. The allegations of the bill and the attitude of the complainants therein were hostile to the will and to the executors, who had taken possession of the farm lands and were assuming to act under the will, and the filing of the bill did not amount to a release of errors.

Each of the remaining seven pleas set out in varying language the same acts or transactions. The will gave to the widow all of the testator's household goods and personal property during the term of her natural life, and directed that at her death the executors should take possession of the same, convert it into money at public or private sale and without any order of court, and distribute the proceeds among the testator's daughters, the plaintiffs in error and Emma Halcom. The several pleas alleged that after the death of the widow, and before the writ of error was sued out, the executors took possession of the household goods and personal property which had been in the possession of the widow; that they sold to each of the plaintiffs in error a part of the household goods; that the several plaintiffs in error did not pay in money for the goods but each signed and delivered to the executors her receipt against her distributive share in the proceeds of the personal property of the testator. The receipts were ex-

actly alike except as to the value of the goods received by
Rosa B. Adams, which was $20 and as to each of the others
$10. The following is a copy of one of the receipts:

"*July 7, 1920.*
"Received of my father's estate $10 worth of personal property,
consisting of household goods,........dollars.
$10.                    100          JANE CHANEY."

The replication, which is demurred to, denies that the
plaintiffs in error took possession of or purchased any of
the property of John Baker, deceased. The substance of
the pleas was that the executors delivered to each of the
plaintiffs in error a certain part of the household goods of
which the mother had the use during her life and that each
signed and delivered to the executors a receipt in the form
stated. The pleas called each transaction a sale but stated
the facts, and the replication merely denied the taking pos-
session and purchase. A replication is insufficient which
does not deny or confess and avoid the plea which it pur-
ports to answer, and the replication does not fulfill that
condition.

On finding that the replication is insufficient the ques-
tion arises whether the pleas which it professes to answer
are such as called for a replication. The rule is that a de-
murrer searches the whole record and will be carried back
to the first substantial defect. (*McDonald* v. *Wilkie,* 13
Ill. 22; *Peoria and Oquawka Railroad Co.* v. *Neill,* 16 id.
269; *Massey* v. *People,* 201 id. 409; 21 R. C. L. 530.)
The averments of the pleas are that the plaintiffs in error
obtained from the executors certain portions of the house-
hold goods of their mother and signed receipts that they
had received the same from their father's estate. The will
provided for conversion into money at public or private sale
and a distribution of the proceeds among the daughters,
but the plaintiffs in error did not get shares of their father's
estate alone from the will but were entitled to them with-
out a will. They would be entitled on a settlement of the

estate either way, and the executors having possession of the household goods of their mother they could not obtain any part except from the executors. Any act relied upon as a release of errors must be voluntary in the sense that the party is not required by the decree to do the act, and the voluntary payment, performance or satisfaction of a. judgment, order or decree which confers no benefit cannot operate as a release of errors. Payment of a judgment in obedience to a decree does not affect the right to question the decree by writ of error, and does not operate as a release of errors even if there is an agreement that a decree shall be executed as entered. (*Richeson* v. *Ryan,* 14 Ill. 74; *Hatch* v. *Jacobson,* 94 id. 584; *Page* v. *People,* 99 id. 418; *Beardsley* v. *Smith,* 139 id. 290; *Schaeffer* v. *Ardery,* 238 id. 557; *Lott* v. *Davis,* 262 id. 148; *Thoeming* v. *Hawkins,* 291 id. 454.) The plaintiffs in error could only obtain household goods of their mother from the executors, and it was compulsory on them to obtain them as they did or not have them. To say in such a case that they would be barred from prosecuting their writ of error to reverse the decree sustaining the will would not only shock human sentiment and a sense of natural justice but would be groundless in reason or law. If the executors had exercised their right to sell at public sale, surely no one would say that the plaintiffs in error could not bid at the sale for personal things of their mother without admitting that the decree was free from error. Whether they bought at public or private sale and whether they paid cash or were to be charged in the settlement of the estate can make no possible difference.

The demurrer to the first plea is sustained and the demurrer to the replication is carried back and sustained to the other seven pleas. If so advised the defendants in error may join in error by filing brief and argument on or before the first day of the next term of this court.

*Demurrers sustained.*