(No. 23644.—

WILLIAM SCHLIMME, JR., Appellant, *vs.* FERDINAND SCHLIMME *et al.* Appellees.

*Opinion filed October 14, 1936.*

J. FRED GILSTER, and WILBERT F. EBERS, (ROBERT G. OTTESEN, of counsel,) for appellant.

D. E. DETRICH, and WILLIAM H. SCHUWERK, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

Specific performance of an alleged verbal promise of his father, since deceased, to convey certain land to William Schlimme, Jr., the appellant, was sought in the circuit court of Randolph county. From a decree of that court dismissing the complaint for want of equity this direct appeal was taken.

Appellant was the eldest of nine children, the remaining eight of whom were joined as defendants to the bill. Their father, William Schlimme, Sr., died testate on October 10, 1933, seized of three town properties, seven farms of about equal value, and personal property inventoried at slightly over $50,000. By his will, drawn in 1933, he devised and bequeathed the town properties and money to each of three daughters and devised six separate tracts of farm land to five other children and one grandchild. As to his remaining child, William, Jr., he devised 158 acres of farm land "for life, then to revert to my children, except if William, Jr., leave him surviving children of his own blood, and born after the date of this will, he having no children at this time, then in that event his said child or children are to take the real estate described in this clause." Except for $500 to another grandchild, he provided for an equal division of the remainder among his heirs by a residuary clause.

The claim of appellant is based upon an alleged understanding with his father in 1915, when the latter moved off what was known as the home place, leaving appellant and

his brother Charles in joint possession thereof. In 1925 Charles also moved to another farm, and since then appellant has remained in sole possession of the land in question and made certain improvements thereon. Appellant insists that his father told him he would get the home place if he continued to live on it and farm it, and that such improvements as appellant made would later be to his own advantage. Until his death the father received one-third of the crops and paid the taxes and fire insurance.

After the commencement of this suit in the court below, appellant, as legatee under the residuary clause of his father's will, accepted and receipted for the sum of $2000 in partial distribution of the share bequeathed to him in the will. It is well settled that if any person takes any beneficial interest under a will he is held thereby to ratify and confirm every other part of the instrument. (*Pope* v. *Kitchell,* 354 Ill. 248.) A beneficiary cannot elect to accept that which is given him by the will and set up any right or claim, however legal or well founded it may be, which would defeat or prevent a full operation of the will. (*Burns* v. *First Nat. Bank of Joliet,* 304 Ill. 292.) Election under a will consists in the exercise of a choice offered a devisee or legatee of either accepting its benefits and surrendering his own claims to property therein disposed of, or of retaining his own claims to the property disposed of and rejecting the provisions made for him in the will. He cannot do both. (*Pope* v. *Kitchell, supra; Burns* v. *First Nat. Bank of Joliet, supra; Palenske* v. *Palenske,* 281 Ill. 574; *Gorham* v. *Dodge,* 122 id. 528.) Appellant accepted $2000 in partial payment of his beneficial interest under the will of his father. By this election to receive a benefit under the will he is now estopped from setting up any adverse claim to defeat the operation of any of its other terms or provisions.

The decree is affirmed.

*Decree affirmed.*