Clark Equipment Company, a Corporation, Plaintiff-
Appellant, v. Carroll L. Schenck, Defendant, and
Schenck Enterprises, Inc., a Louisiana Corporation
(Schenck Enterprises, Inc., a Louisiana Corpora-
tion, Intervenor-Appellee).

Gen. No. 11,558.

Second District, Second Division.

February 8, 1962.

Moran, Klockau, McCarthy, Schubert, Henss & Lousberg, all of Rock Island, Berke, Foster & Brandzell, of Chicago (Donald A. Henss of Rock Island, and Ward P. Fisher, of Chicago, of counsel), for appellant.

Sinnett, Rink & Coryn, of Rock Island (John R. Coryn and Thomas P. Sinnett, of Rock Island, of counsel), for appellee.

SPIVEY, P. J.

Plaintiff, Clark Equipment Company, brought an action in the Circuit Court of Rock Island County against Carroll L. Schenck on a written guarantee Schenck executed in his individual capacity on behalf of Time Distributors, Inc. As a part of the suit on the guarantee, a writ of attachment was issued and an automobile in the possession of Schenck was seized. Schenck Enterprises, Inc., a Louisiana Corporation, asked and was granted leave to intervene, and it claimed ownership of the automobile. A hearing was held to inquire into the right of the property in the automobile, and after the hearing, the court entered an order finding that the automobile was the property of Schenck Enterprises, Inc. The court ordered that the property be returned to Schenck Enterprises, Inc. and ordered that Schenck Enterprises, Inc. recover its costs. The court also ordered that there was no just reason for delaying enforcement or appeal of the order entered. Clark Equipment Company then perfected this appeal as authorized by Section 50(2), Chapter 110, Illinois Revised Statutes 1959, where there are multiple parties, and the court has entered a final order as to fewer than all of the parties or claims.

On the hearing to inquire into the right of the property, Carroll L. Schenck testified that he was president of Schenck Enterprises, Inc. and had been since its incorporation in Louisiana several years before the hearing. He stated that the company was in the business of buying bananas in Louisiana and selling bananas in the midwest. Schenck testified that he owned an automobile that was located in New Orleans. He admitted that the license plate issued by the State of Louisiana for the car he owned was displayed on the automobile owned by Schenck Enterprises, Inc., at the time the vehicle was seized, but he stated he did not know who placed the license on the car. The automobile attached was purchased by Schenck Enterprises, Inc., in Iowa Falls, Iowa, in 1959, and the corporation traded another vehicle in on its present vehicle. The car was purchased under the terms of a conditional sales contract by the corporation. Title to the vehicle was issued by the State of Iowa in the name of Schenck Enterprises, Inc. Schenck testified that the vehicle was used in the business of the corporation. When the automobile was purchased, Carroll L. Schenck was the sole stockholder of Schenck Enterprises, Inc. Schenck stated that at the time of the hearing, the value of the car was $3,500. Schenck also testified that after the suit was started and after garnishee summons was served upon Schenck Enterprises, Inc., that corporation continued to reimburse him for expenses incurred on behalf of that corporation.

The plaintiff claims that Schenck Enterprises, Inc., is estopped to deny ownership of the automobile by Schenck individually because of the use of Schenck's personal license plates on the corporation automobile. Plaintiff also contends that Schenck Enterprises, Inc., reimbursed Schenck for expenses Schenck incurred for the corporation after the corporation was served

with garnishee summons, and that the automobile, Schenck Enterprises, Inc.'s only property in the State of Illinois, should be held to satisfy plaintiff's judgment. Further, the plaintiff contends that Schenck and Schenck Enterprises, Inc., were in fact one and the same before Schenck allegedly conveyed his stock in fraud of creditors. It is contended that the court erred in failing to allow plaintiff to prove the transfer by Schenck of his stock in Schenck Enterprises, Inc., was in fraud of creditors, and finally plaintiff says that it may treat Schenck's alleged fraudulent conveyance as void and that its levy of attachment is an election to do so.

■■ With reference to the claim of estoppel, it is clear that the plaintiff did not accept Schenck's guaranty in reliance upon Schenck's apparent ownership of the motor vehicle. Schenck's obligation to the plaintiff was created long before the purchase of the automobile by the corporation. In order for there to be an estoppel, the evidence must show that by the conduct of the true owner, the true owner has allowed another to appear as the owner so that an innocent person is led into dealing with such apparent owner. Mori v. Chicago Nat. Bank, 3 Ill App2d 49, 120 NE2d 567. The only transaction, according to the evidence, that was induced by the apparent ownership of Schenck, was the attachment levy. There was no change of position or detriment incurred other than the single act of a levy on the automobile.

We do not believe that this is the type of change in position or detriment which would give rise to an equitable estoppel. The change in position or detriment incurred should be substantial, and more than incurring the expense of a levy.

There is another reason why the claim of estoppel cannot be sustained. Section 43(4) of the Civil Practice Act, Chapter 110, Illinois Revised Statutes, 1959, provides:

"(4) The facts constituting any affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, laches, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law, or cannot be recovered upon by reason of any statute or by reason of nondelivery, want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, counterclaim or third-party complaint, in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

Plaintiff, in its answer to the intervening petition, did not plead an estoppel but rather, denied the allegations of the intervening petition. Thus, the defense of estoppel is waived. In Collins v. Collins, 14 Ill2d 178, 152 NE2d 385, the Supreme Court said, "An allegation for estoppel must be pleaded to be available and is considered to be waived when not alleged. (Rodenkirk v. State Farm Mut. Automobile Ins. Co., 325 Ill App 421, 60 NE2d 269.)"

█ █ All of the remaining contentions of the plaintiff may be disposed of together. We have heretofore observed that this was a trial of right of property pursuant to Section 29 of the Attachments Act. (Sec 29, Chapter 11, Illinois Revised Statutes, 1959.) The trial court ruled that evidence relative to a claimed fraudulent transfer, and payment of funds by the intervening petitioner to Schenck, and evidence to show that Schenck Enterprises, Inc., and Schenck individually were one and the same, were not germane to the issues. The court also refused to consider plaintiff's contention that the automobile was the only asset of Schenck Enterprises, Inc., and this asset should

253

be held in the instant proceeding to satisfy plaintiff's claim.

The courts of Illinois have consistently held that the only issue in a proceeding of this nature is the intervening petitioners right to the property claimed. In Brennan v. Persselli, 353 Ill 630, 187 NE 820, the court said, "Under Section 29 of the Attachments Act (Cahill's Stat 1931, p 148; Smith's Stats 1931, p 177) interpleading by other claimants of the fund sought to be attached is authorized, and the issue is the right of property." To the same effect is May v. Disconto Gesellschaft, 211 Ill 310, 71 NE 1001, where the court when referring to Section 29 of the Attachments Act, stated "Under that section the only thing to be tried is the right of property." See also Cermak v. Schaef, 224 Ill App 351, 353; City Ins. Co. v. Commercial Bank, 68 Ill 348, 352; and ILP Attachments, Section 113.

We conclude, therefore, that the trial court properly limited the scope of the proceeding to a determination of the claimants right to the attached property.

The judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

CROW and WRIGHT, JJ., concur.