Chicago Budget Rent-A-Car Corporation, Appellant, *v.* Joseph M. Maj, d/b/a Majestic Auto Body, Appellee.

(No. 71-190;

Second District—April 25, 1972.

Irving Goodman and Alex H. Dolnick, both of Chicago, for appellant.

Arnold I. Kramer, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff appeals from a judgment for defendant on its counterclaim in an action brought by plaintiff to replevin a car which defendant had repaired.

Chicago Budget Rent-A-Car Corporation, the plaintiff, is an Illinois Corporation which is a franchise licensee of the Budget Rent-A-Car parent corporation. Chicago Budget owns all cars leased to sublicensees within a 550 mile radius of Chicago. Ar-Kay Enterprises, Inc., d/b/a Budget Rent-A-Car of Lake County, is a separate Illinois corporation. On April 22, 1970, Chicago Budget entered into a sublicense agreement with the Ar-Kay Corporation, which was operated by one Richard Goldblatt as president. Under the lease, Ar-Kay was to make all necessary repairs on the cars at its own expense.

During the pendency of the agreement, Goldblatt brought several of the leased cars to defendant, Joseph M. Maj, d/b/a Maj-Estic Auto Body, for repairs. Defendant billed "Budget Rent-A-Car, 1820 Washington Street, Waukegan, Illinois", and was paid either by insurance checks or by a check from the sublicensee. However, payment was not made for 4 repair jobs. One of these was a 1970 Mercury, which was in the defendant's garage when the sublicense agreement was terminated in September of 1970. The amount owed on the Mercury was $941.95; the other unpaid repair bills for cars which were no longer in the shop amounted to $1,743.45 for a total of $2,685.40 awarded on the counterclaim.

Under the termination agreement all of Ar-Kay Enterprises' interest in the leased business premises and business in Waukegan, including the right to collect, for accounting, receivables due the sublicensee was transferred to Chicago Budget.[1]

■■ Chicago Budget tendered the $941.95 and expresses willingness

---

[1] The sublicense franchise agreement and the automobile lease agreement were canceled by an agreement dated and made effective Sept. 3, 1970, between Chicago Budget and Ar-Kay Enterprises. Budget was to account and pay Ar-Kay at specified times for any sums due for the use of the cars up to midnight on Sept. 3rd. A memorandum of supplemental agreement provided an additional payment of $1,000 to Ar-Kay to reimburse it for personal property and security deposits transferred to Chicago Budget. Ar-Kay issued a Bill of Sale to Chicago Budget for all of the items sold which were owned by Ar-Kay, including the records and good will; and warranted that "said property is free and clear of all liens, charges and encumbrances * * *."

to honor the tender here, although it claims that it is not obligated to do so because the defendant surrendered the 1970 Mercury to the sheriff and did not, thereafter, file a lien within 60 days as provided in Ill. Rev. Stat. 1969, ch. 82, par. 41. The trial court properly held that the surrender to the sheriff in the replevin action was not a voluntary surrender which would require the further procedure set forth in the statute in order to validate the lien. We, therefore, affirm this portion of the judgment.

In its counterclaim, defendant alleged that plaintiff was indebted to it for services rendered to the plaintiff "through its authorized agent." We conclude that it was error to enter judgment against Chicago Budget and in favor of the defendant on the counterclaim in view of the pleadings and the proof before us.

■■■ One corporate entity is not responsible for the debts of another independent corporation in the absence of fraud or estoppel. Relief of this kind must first be sought and supported by proof either that there was an actual identity between the corporations or a misuse of corporate form which resulted in a fraud. *Dregne v. Five Cent Cab Co.* (1942), 313, Ill.App. 539, 551-552, affirmed in 381 Ill. 594, 604-606 (1943); *Divco-Wayne Sales Corp. v. Martin Vehicle Sales* (1963), 45 Ill.App.2d 192, 196-7; *B. W. Sales Co. v. Industrial Com.* (1966), 35 Ill.2d 418, 424-5.

Here there was no proof of corporate identity. The trial court properly found that the corporations were independent identities, stating at one point during the trial,

"I find there is no evidence here connecting Maj with the Chicago Budget Rent-A-Car Corporation, which is a corporation designated as such and I can't hold that Budget Rent-A-Car is in fact Chicago Budget Rent-A-Car."

The court stated as its basis for the judgment in favor of defendant on the counterclaim,

"As to the remaining claim, it is the opinion of the Court that the holding out, the indicia of ownership, the termination agreement (Counter-Defendant's Exhibit 2), the entire relationship, warrants a finding for the recovery of the value of the repair work done on plaintiff's vehicles."

Defendant argues that the corporate forms have been misused and that the plaintiff is estopped from denying the liability because it had placed the cars in possession of the sublicensee and thus clothed it with indicia of ownership, and also imposed the duty under the lease to have the automobiles repaired when necessary.

■■■ Estoppel must be pleaded to be available. (*Clark Equipment*

*Co. v. Schenck* (1962), 34 Ill.App.2d 249, 253.) The mere allegation of agency does not amount to a pleading of estoppel. Even disregarding the form of the pleading, the proof does not show any conduct of plaintiff calculated to mislead the defendant, or any conduct of the plaintiff which the defendant relied upon to its detriment. These are necessary elements of estoppel. (*Ptaszek v. Konczal* (1955), 7 Ill.2d 145, 153.) Defendant admittedly had no knowledge of Chicago Budget Rent-A-Car Corporation when it made the repairs. There is no proof of any conduct of Chicago Budget which was calculated to deceive defendant, and it clearly appears that when the repairs were contracted, defendant relied upon Ar-Kay Enterprises, Inc. and its president, Goldblatt, for payment.

■■ Defendant relies upon *Illinois Bond & Investment Co. v. Gardner* (1928), 249 Ill.App. 337. The case holds that an owner of an automobile who has so acted as to clothe another with apparent ownership or authority to sell it will be precluded from denying the authority against a good faith purchaser. However, a different doctrine applies to the facts before us. When the initial transaction is not one of sale but of consignment or bailment for a special purpose which is not accompanied by any authority to sell or other indicia of title beyond possession, possession and nothing more is insufficient to raise an estoppel. (*Mori v. Chicago Nat. Bank* (1954), 3 Ill.App.2d 49, 53.) Chicago Budget could not properly claim that the sublicensee had no authority to bring the cars to defendant for repairs or to incur a repairman's lien on the cars. It does not follow that when defendant releases the automobiles and relies upon the credit of the independent corporation with which it has been dealing, that Chicago Budget thereupon becomes responsible for the debts of the Ar-Kay Corporation. In this connection, defendant's argument that it was dealing with "Budget Rent-A-Car" and did not know that there was more than one corporation seems incredulous. On this theory, the parent licensor company would be the one obligated, not Chicago Budget.

Defendant's further suggestion in the brief that plaintiff had depleted the assets of Ar-Kay by taking over its business without paying for the repairs from which it benefited, perhaps raises a question as to the priority of creditor's rights but does not prove either identity of the corporation, fraud, or estoppel.

That portion of the judgment awarding defendant a mechanic's lien in the amount of $941.95 is affirmed and it is ordered that plaintiff's tender be released to the defendant on account of that portion of the judgment. The remaining portion of the judgment entered in favor of the defendant on his counterclaim and against the plaintiff is reversed

and judgment entered in favor of the plaintiff. This holding is without prejudice to the right of the defendant to pursue any claims which it may have as a creditor of Ar-Kay Enterprises, Inc.

Affirmed in part and reversed in part.

T. MORAN and GUILD, JJ., concur.