ROBERTA KYKER, Petitioner-Appellant, *v.* WINFORD H. KYKER, Indiv. and as Ex'r under the Will of Lillie R. Kyker, Deceased, *et al.*, Respondents-Appellees.

Second District No. 82—831

Opinion filed August 26, 1983.

Charles T. Beckman, of Keller, Magdich & Beckman, P.C., of Dixon, for appellant.

Craig E. McGuire, of Polo, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The petitioner, Roberta Kyker, appeals from an order of the trial court that dismissed her petition to contest the validity of the will of her grandmother, Lillie Kyker, on the ground that the petitioner's acceptance of a benefit under a provision of the will precluded her from maintaining the instant will-contest action.

On appeal, Roberta contends that (1) her temporary acceptance of a bequest under the will, which she tendered back to the executor of the estate after she had filed the will-contest proceeding and after her petition to contest the will had been dismissed, should not estop her from contesting the will where none of the beneficiaries under the will was prejudiced by her temporary acceptance of the bequest; and (2) equitable estoppel may not be invoked as a shield unless the party claiming equitable estoppel demonstrates that he relied on the conduct to his prejudice.

With regard to the second issue, the short answer is that the doctrine of equitable estoppel was not a defense raised by the respondents nor relied upon by the trial court in making its decision in this matter. Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person who has, in good faith, relied upon such conduct and has been led thereby to change his position for the worse and who on his part acquires some corresponding right. (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1982), 108 Ill. App. 3d 266, 279.) Equitable estoppel must be pleaded to be available (*Chicago Budget Rent-A-Car Corp. v. Maj* (1972), 5 Ill. App. 3d 265, 267-68; *Clark Equipment Co. v. Schenck* (1962), 34 Ill. App. 2d 249, 253), and respondents did not plead such equitable estoppel but, rather, moved to dismiss the petition on a different equitable basis. They alleged that petitioner had admitted the instrument under which she took to be the will of the testator by her acceptance of the bequest thereunder and was thereby precluded or estopped from attacking its validity because of her election to take under it. (See *Remillard v. Remillard* (1955), 6 Ill. 2d 567, 571; *Lloyd v. Treasurer of the State of Illinois* (1948), 401 Ill. 520, 525-26.) Equitable estoppel in the sense urged by plaintiff as her second ground on appeal was simply never an issue in this case.

We turn then to a consideration of petitioner's principal contention on appeal.

The facts underlying this cause which are pertinent to the present

appeal are not in dispute. Lillie Kyker died testate on May 23, 1981. In a one-page will, dated May 19, 1981, she devised the totality of her property and material assets to various heirs and legatees. Under the provisions of her will, she bequeathed her son, Gene Kyker, $5,000; her granddaughter, Roberta Kyker, the petitioner in this cause, $500; various other grandchildren $500 each; and certain friends either $500 or $100 each. In addition, she left the remainder of her estate to her son, Winford Kyker, whom she also appointed as executor of her will. In asking that the will be admitted to probate and that letters testamentary issue, Winford Kyker estimated that the personal property of the estate was valued at $30,000 while the real property was worth $235,000.

The court admitted the will to probate on June 17, 1981, and appointed Winford Kyker as executor of the estate of the deceased. On July 15, 1981, the executor issued a check to the petitioner in the sum of $500 in satisfaction of her bequest under the will. Subsequently, petitioner filed a two-count petition to contest the will (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1) on September 24, 1981. The petition named Winford Kyker, individually and as executor, and the rest of the devisees under the will as respondents in this action. In her petition she alleged that the will was invalid for two reasons: (1) that her grandmother lacked the testamentary capacity to execute the will; and (2) that Winford Kyker had exerted undue influence and control over the testator which deprived her of her free will. On October 23, 1981, Winford Kyker, both individually and as executor of the estate, filed an answer to the petition in which he denied the allegations that formed the basis of the petitioner's claims.

Early in January 1982 the petitioner endorsed and cashed the $500 check she had received from the executor of the estate the previous July. The executor then, upon due notice, filed a motion to withdraw his answer, and he filed a motion to dismiss the petition in which he asserted that the petitioner was estopped from maintaining the will contest action because she had accepted the benefits of the will. On April 5, 1982, the trial court granted the executor leave to withdraw his answer and also granted the motion to dismiss. Petitioner and her attorney were not present on April 5, 1982, because of inclement weather.

On May 4, 1982, the petitioner filed a motion in which she indicated for the first time that she wished to tender back the bequest and sought a rehearing and vacatur of the April 5, 1982, order. On May 14, 1982, the trial court vacated the order of April 5 and, on June 16, 1982, granted petitioner leave to tender the $500 bequest

back to the estate; the court also denied respondent's motion to dismiss. The petitioner then tendered a check to the estate, which the estate refused to accept. On July 16, the executor filed a motion requesting that the trial court reconsider its rulings and grant the motion to dismiss the will contest petition. After hearing arguments of counsel, the court below reconsidered its earlier order, reversed itself, and again dismissed Roberta Kyker's petition on September 21, 1982. Thereafter, the petitioner filed a timely notice of appeal.

 █ The well-settled equitable doctrine in this State, which the parties to this appeal recognize, is that any person who voluntarily accepts a beneficial interest under a will is held thereby to ratify and confirm the entirety of the will which conferred the benefit. In other words, the beneficiary may not accept a bequest of the testator and at the same time set up any right or claim which would defeat or prevent the full operation of the will. (*Remillard v. Remillard* (1955), 6 Ill. 2d 567, 571; *Schlimme v. Schlimme* (1936), 364 Ill. 303, 305; *Friederich v. Wombacher* (1903), 204 Ill. 72, 76; *Burnet v. First National Bank* (1957), 12 Ill. App. 2d 514, 529; see *Lloyd v. Treasurer of the State of Illinois* (1948), 401 Ill. 520, 526; *Burns v. First National Bank* (1922), 304 Ill. 292, 296; *In re Estate of Johnson* (1976), 39 Ill. App. 3d 246, 251.) By accepting the benefits, the legatee admits the instrument to be the will of the testator, and she cannot both take under it and make a claim against its terms. (*Chaney v. Baker* (1922), 302 Ill. 481, 484; *Fishburn v. Green* (1920), 291 Ill. 350, 353; *In re Estate of MacLeish* (1977), 46 Ill. App. 3d 957, 961.) The result is that once a beneficiary has accepted a bequest under the will, she will be estopped from asserting any claim inconsistent with the validity of that will. *In re Estate of Johnson* (1976), 39 Ill. App. 3d 246, 251.

 █ The general rule of preclusion or estoppel to attack the validity of a will under which a beneficiary has accepted a bequest is subject to two well-recognized qualifications or exceptions. First, acceptance of a bequest under a provision of the will must have been made with full knowledge of the relevant facts and circumstances (see *Elmore v. Carter* (1919), 289 Ill. 560, 562; *Dougherty v. Gaffney* (1909), 239 Ill. 640, 643; *In re Estate of MacLeish* (1977), 46 Ill. App. 3d 957, 961, citing *Wilbanks v. Wilbanks* (1856), 18 Ill. 17, 21), including the contents of the will and the circumstances surrounding execution of the will (*In re Estate of MacVicar* (Iowa 1960), 104 N.W.2d 594, 598; see *Tennant v. Satterfield* (W. Va. 1975), 216 S.E.2d 229, 233), and must not have been procured or induced by fraud or mistake (Annot., 28 A.L.R.2d 116, 154 (1953); 36 Ill. L. & Prac. *Wills* sec. 172, at 256 (1958); *cf. In re Estate of King* (1923), 310 Ill. 90, 97).

Second, even though a person accepts a benefit under the will, she is not precluded from questioning the validity of any provisions that are contrary to the law or public policy. *Chaney v. Baker* (1922), 302 Ill. 481, 484; *Elmore v. Carter* (1919), 289 Ill. 560, 562; *In re Estate of Gerbing* (1974), 22 Ill. App. 3d 454, 458, *aff'd in part and rev'd in part on other grounds* (1975), 61 Ill. 2d 503.

Petitioner does not seek to come under the protective banner of either of these exceptions. First, she asserted in her will contest petition that the testator did not possess the requisite testamentary capacity to execute the will and that Winford Kyker executed undue influence over the testator. At the time the petitioner evidenced her unequivocal acceptance of the bequest by cashing the $500 check that represented the full amount of her legacy under the will, her action contesting the will had been on file for over three months. Thus, it is clear, given the two grounds of her petition, that she was fully aware of the circumstances surrounding the execution of the will that she alleged in her original pleading in this cause. (Compare *In re Estate of MacVicar* (Iowa 1960), 104 N.W.2d 594, 598-99; *Medill v. Snyder* (1899), 61 Kan. 15, 19, 58 P. 962, 963-64.) Second, as to the exception allowing for questioning the validity of any provisions on the grounds that they are violative of the law or public policy, petitioner has not challenged any portion of the will on that basis.

A possible third exception to the general rule of estoppel recognized in some jurisdictions is the timely tender or repayment of the benefits received under the will (*In re Estate of MacVicar* (Iowa 1960), 104 N.W.2d 594, 598; Annot., 28 A.L.R.2d 116, 154, 157-66 (1953)) if temporary acceptance of the bequest under the will did not prejudice other parties interested in the estate (Annot., 28 A.L.R.2d 116, 158 *et seq.* (1953); 80 Am. Jur. 2d *Wills* sec. 899, at 83 (1975)). It has been stated that the better view is that, in order to permit a contest of the will, the return of or an offer to repay a legacy should be made prior to instituting the contest proceeding. (80 Am. Jur. 2d *Wills* sec. 899, at 83 (1975).) However, the failure to proffer the benefits prior to the filing of the lawsuit is not an absolute bar to the maintenance of the will contest action. (*In re Estate of Burrough* (D.C. Cir. 1973), 475 F.2d 370, 373.) At least one court has determined that an offer to return a bequest was sufficient to permit the beneficiary to maintain the will contest action where the tender was made in her pleading and under circumstances where the legatee had not been aware, at the time she accepted the bequest, of the facts she later cited to show the testator's testamentary incapacity. *Medill v. Snyder* (1899), 61 Kan. 15, 19, 58 P. 962, 963-64.

We have found no cases recognizing this third exception to the general rule in Illinois, nor has petitioner cited any such authority. However, even if such an exception were recognized in this State, petitioner would not fall within that exception, since the tender of her bequest was not timely.

Petitioner received her bequest in the form of a check on July 15, 1981. On September 24, 1981, when petitioner filed her petition to contest the will she had full knowledge concerning the circumstances surrounding the will and the estate, yet she did not return the check prior to commencement of her suit or offer to return it as part of her pleadings. Here, the petitioner with full knowledge elected to accept her benefits under the will more than three months after she had filed her will contest action and did not tender the return of those benefits until after the respondents had moved to dismiss her petition contesting the will and after the court had granted that motion.

Petitioner's contention, however, is even broader. She asserts that the general rule should be subject to an exception that where a legatee tenders back a bequest and no one is prejudiced, preclusion or estoppel no longer applies. This exception would apparently apply without regard to whether or not the tender is made in a timely manner or the election to accept was made with full knowledge.

The sole Illinois case cited by the petitioner in support of this contention is *In re Estate of MacLeish* (1977), 46 Ill. App. 3d 957. *MacLeish* in no manner supports petitioner's position. In *MacLeish*, the court held that under the circumstances of that case the plaintiff who had filed the will contest had not made any real election to accept the benefits under the will. The case specifically gave approval to the proposition that, if a legatee or devisee does not have full knowledge of the circumstances under which he takes and an election is made in actual ignorance of material facts, it will not preclude the party from exercising the right anew upon obtaining full information. 46 Ill. App. 3d 957, 961.

Relying upon American Law Reports, petitioner also asserts that courts of other jurisdictions recognize "that tender or repayment of benefits may be invoked as an exception to the general rule where no prejudice has resulted to other interested parties from the contesting legatee's temporary acceptance of the benefits." (Annot., 28 A.L.R.2d 116, 158 (1953).) The cases cited in support of this statement, however, all contain requirements that the tender be made promptly or in the absence of unreasonable delay. As we have already pointed out, the tender in the present case was not timely.

Although not argued by the petitioner on appeal, we are aware

that some courts of other jurisdictions have held that the repayment of the benefits received under a will that is later challenged as invalid is not required where the contestant's share as heir in the event of intestacy would equal or exceed the amount of the legacy under the challenged will. (*In re Estate of Burrough* (D.C. Cir. 1973), 475 F.2d 370, 373 n.8; *In re Will of Peacock* (1973), 18 N.C. App. 554, 555-56, 197 S.E.2d 254, 255.) In a limited sense this is the lack of prejudice argument advanced by petitioner and is similar to that apparently made and rejected in *In re Estate of MacLeish* (1977), 46 Ill. App. 3d 957, 961. We agree with the *MacLeish* court that acceptance of such a position would require the court to speculate as to what share of the estate the contestant would be entitled to under another will or by intestacy in the event that the challenged will is held to be invalid. We find no support for such a position in Illinois case law.

██ █ In sum, lack of prejudice alone is not sufficient to permit the rescission of an election to accept benefits under a will made by one with full knowledge of the circumstances. This is not to say that a beneficiary should not be granted a reasonable time after the receipt of a bequest in which to make an election to accept or reject it and be permitted to reject it as long as she acts within a reasonable period of time and without prejudice to other parties in the estate. However, where, as here, the beneficiary has made an election to accept the benefits of a will with full knowledge of the relevant facts and circumstances and without that election being induced by fraud or mistake, she is bound by that election and cannot change her mind and be permitted to contest the will by tendering back those benefits.

The order of the trial court dismissing the petition of Roberta Kyker to contest the will of her grandmother, Lillie Kyker, is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.